Wise Shoes, Inc., Appellant, v. Blatt.

Argued October 5, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*James A. Montgomery, Jr.,* and with him *Layton M. Schoch,* for appellant.—One who has been held legally liable for an injury may recover indemnity from the active wrongdoer: Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366; Brookville Borough v. Arthurs, 130 Pa. 501; Reymer v. Consolidated Ice Co., 67 Pa. Superior Ct. 468.

*Philip Sterling,* of *Sterling & Willing,* and with him *Theodore G. Rich,* for appellee: Painter v. Pittsburgh, 46 Pa. 213; Scott v. Curtis, 185 N. Y. 424.

Opinion by Stadtfeld, J., January 25, 1933:

This is an action of assumpsit brought by Wise Shoes, Inc., against Philip Blatt to recover over from the latter the amount of a judgment recovered against it in an action of trespass brought by a third party for personal injuries alleged to have been sustained.

Plaintiff's statement avers that plaintiff is engaged in business maintaining a store at Eleventh and Chestnut Streets in the City of Philadelphia; that defendant is an independent contractor, and on the 5th day of January, 1928, entered into an oral contract with plaintiff company to clean certain windows on the premises of plaintiff; that while so engaged the defendant by his agent and servant upset a bucket of water in front of the premises of plaintiff and allowed the water to remain there so that it froze, forming a sheet of ice; that one Alice Ushka, a passerby, slipped upon the ice so formed and fell, sustaining severe injuries; that the said Alice Ushka and Stella Ushka, her mother, brought suit against the plaintiff on February 16, 1928 in the municipal court of Philadelphia County to recover for the injuries so sustained; that on November 17, 1928, plaintiff duly notified defendant of the institution of said suit and called upon him to come in and defend the same, and that in the event of a recovery against it would look to him to indemnify it; that on April 6, 1931, defendant was notified that the case was listed for trial on April 17, 1931 and to come in and assume defense of the same; that the case was tried on said date and resulted in a verdict for plaintiff, Alice Ushka, in the sum of $450, and a verdict in favor of the other plaintiff, Stella Ushka, in the sum of $50; that the said defendant, Philip Blatt, was present in the court room throughout the trial of the case and was informed of the verdicts so entered; that on May 6, 1931, judgments were entered upon the verdicts in favor of the respective plaintiffs; that on May 6, 1931, Wise Shoes, Inc., paid to plaintiffs in

the negligence suit, the sum of $520.20 in full satisfaction of the judgments, interest and costs, and $40.25 witness fees. Plaintiff claims as a matter of common law that defendant be required to reimburse plaintiff for the moneys so paid out.

Defendant in this suit filed an affidavit of defense in lieu of a statutory demurrer in which it was denied that the plaintiff showed a cause of action in assumpsit, that the plaintiff fails to show the existence of a cause of action, and further, if any right of indemnity did exist, plaintiff was barred from asserting it by virtue of the fact that he agreed to directed verdicts in the negligence case. The said demurrer was sustained by the lower court and judgment entered for defendant. From said judgment this appeal is taken by plaintiff.

The grounds for entry of said judgment are set forth in the opinion filed by the lower court, CRANE, J., subsequent to the taking of the appeal. The reasons in support thereof are, (a) that the statement of claim is barren of any averment of the existence of a contract or agreement, expressed or implied, between the parties to the suit and therefore an action in assumpsit cannot be maintained thereunder, and (b) that the record in the negligence case, which is by reference thereto made a part of the statement of claim, discloses that present plaintiff agreed to a directed verdict prior to the conclusion of the trial, and that the present defendant was not a party to said agreement and therefore can not be called upon to indemnify the present plaintiff.

According to plaintiff's statement the actual condition of the pavement was created not by the act of the plaintiff, but by the alleged negligent act of the defendant, or his agent, in upsetting a pail of water and in allowing the water to remain on the pavement until it froze. The plaintiff was not a joint tort-feasor. It was held liable in the suit against it because of its

duty as a property owner to maintain its sidewalk in a reasonably safe condition. The motivating cause of the injury was the act of the window cleaner, an independent contractor, in which plaintiff did not concur. Under these circumstances, the ordinary rules applicable to joint tort-feasors do not apply, but the party held liable in the first instance may recover over against the one who actually causes the dangerous condition, since the latter is the active wrong-doer. Such a right of action need not rest upon an actual contract between the parties, but is founded upon an implied right of indemnity.

This principle is well stated in Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366, 373: ''The rule that one of two joint tort-feasors can not maintain an action against the other for indemnity or contribution does not apply to a case where one does the act or creates the nuisance and the other does not join therein but is thereby exposed to liability; in such cases the parties are not in pari delicto as to each other, though as to third parties either may be held liable.''

A common example of the application of this rule may be found in actions for indemnity by municipalities against property owners to recover the amount of judgments paid as a result of injuries sustained through sidewalk defects. The Fowler case presents this situation; and a similar example is afforded by Brookville Borough v. Arthurs, 130 Pa. 501. In the latter case it was pointed out that the parties were not joint tort-feasors since they did not cooperate in the same wrongful act.

A similar right of recovery is allowed in turn to property owners who have been compelled to pay for injuries caused by defects in other property or on the sidewalk adjacent thereto, where the condition was created in the first instance, not by the property owner, but by a third person. Thus in Reymer v. Consolidated

Ice Co., 67 Pa. Superior Ct. 468, the owner of a property was allowed to recover indemnity from an ice company which left open a door on the property owner's sidewalk, causing injury to a passerby. The pedestrian had originally recovered judgment against the property owner. The court there said, p. 471, quoting from Scott v. Curtis, 195 N. Y. 424: "The liability of the owner of real property for injury to a passerby for negligence in covering or in failing to cover or guard such a hole in a sidewalk does not relieve the active or actual wrongdoers from the consequences of their acts. The liability to the passerby is joint. As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally therefor."

Among the more recent cases is Orth v. Consumers Gas Co., 280 Pa. 118. In this case an explosion in one of the mains of the gas company resulted in the collapse of the sidewalk in front of plaintiff's premises and injury to two parties who were on the surface at that time. These parties recovered against the plaintiff, alleging that he had failed to maintain the pavement of his property in a safe condition for public use. The plaintiff in turn was allowed to recover over from the gas company as the party whose initial negligence was the primary cause of the injury.

The facts in the cases quoted are similar to those alleged in the present statement of claim and the rules there laid down are controlling. In each instance the situation was created not by the property owner but by another; and, while the property owner was held liable as to third parties for his failure to remedy the situation, he was allowed to recover ultimately what he was forced to pay from the one whose act was the real cause of the loss.

The doctrines of master and servant and of respondeat superior are not involved; the question is simply who should ultimately bear the loss. Recovery over

against the actual. wrongdoer is allowed not because he is or is not doing something inherently dangerous, but because he is the active, and the property owner the passive wrongdoer.

The judgment rendered in the negligence suit presumptively establishes the issues raised thereby. According to plaintiff's statement of claim, defendant was notified of the institution of suit against plaintiff and was requested to come in and assume the defense; defendant was also notified of the listing of the case for trial and was present in the courtroom throughout the trial of the case and was informed of the verdicts so entered. At the conclusion of the plaintiff's case in the original action, counsel for the then defendant and present plaintiff agreed to a directed verdict for plaintiffs. It is now urged that because of the directed verdict by consent, plaintiff cannot recover from defendant.

The right of indemnity against the actual wrongdoer exists whether the one held liable in the first instance pays the loss voluntarily or has a judgment recovered against him. The fact of voluntary payment does not negative the right to indemnity. It merely varies the degree of proof needed to establish the liability of the indemnitor: Dunn v. Walde Asphalt Co., 175 N. Y. 214, 67 N. E. 439; Thomson on Negligence, p. 789: In such a case the rule is that while the judgment is not conclusive as to the issues therein decided, it is presumptive evidence of those facts and stands unless contradicted by the indemnitor: Conner v. Reeves, 103 N. Y. 527, 9 N. 'E. 439. This case involved an action upon a contract of indemnity to recover for an amount paid to satisfy a judgment entered by consent of the parties in open court. It was objected that the record of the first suit was not sufficient to establish a case for plaintiff. The court, however, said: "The judgment, in the absence of fraud or collusion or any suggestion that there was a defense to the action

against the sheriff, although entered upon consent of the parties to the action, presumptively, at least, established the liability of the defendants.'' This case was approved and followed in Kansas City, M. & B. Railroad Co. v. Southern Ry. News Company, 151 Mo. 373, 52 S. W. 205.'' On this feature of the case we believe that the statement of claim discloses a cause of action.

The court below was of the opinion that the facts averred in the statement of claim would not sustain an action in assumpsit against the defendant and this was one of the reasons assigned by it for sustaining the demurrer. In this we think the court was in error. That assumpsit is the proper form of action is definitely ruled in Philadelphia v. Reading Company, 295 Pa. 183 (1929). This was an action by the City of Philadelphia against an owner of a sidewalk, to recover the amount of damages which the city was required to pay for personal injuries sought by reason of a defect in the sidewalk. The court said at page 189: ''Was assumpsit the proper form of action? Trespass has been resorted to in certain other actions (Phila. v. Bergdoll, 252 Pa. 545; Orth v. Consumers Gas Co., 280 Pa. 118) but it would seem that with greater propriety assumpsit might have been used. The action is brought to recover money paid by the plaintiff which should have been paid by defendant. The essence of the plaintiff's claim is the breach of an implied contract of indemnity arising in its favor with the negligent property owner. In Armstrong v. Clarion Co., 66 Pa. 218, one county was allowed to recover from another, in an action of assumpsit, one-half of a verdict recovered against the other resulting from a defect in a bridge jointly owned by the two counties. We are of opinion that assumpsit was the proper remedy.

''Having had notice to come in and defend, appellant, admitting ownership of the property along which the defective sidewalk ran, is concluded by the judg-

ment in the prior suit so far as it determined the existence of the defect in the sidewalk, the cause of the injury, the amount of damages sustained and the liability of the city: Brookville v. Arthurs, 130 Pa. 501; Reading v. Reiner, 167 Pa. 41; Phila. v. Bergdoll, 252 Pa. 545; Bradford v. Barry, 254 Pa. 303; Orth v. Consumers Gas Co., 280 Pa. 118, 121.''

Defendant contends that the original action was brought against ''Wise Shoe Company'' against which named defendant judgment was entered, whereas the statement of claim in the present suit names ''Wise Shoes, Inc.'', as plaintiff, and for this reason no cause of action appears. The statement in the instant case states that the original action was brought against the present plaintiff and that the present plaintiff paid the judgment and costs in the said action. The present defendant was duly notified of the original action and had full knowledge therefore of the property and parties involved. If the proper parties were served, the mere misnomer could be amended at any time.

We believe that the statement of claim discloses a good cause of action in assumpsit, and that the lower court erred in sustaining the questions of law raised by the affidavit of defense and in entering judgment for defendant.

The assignments of error are sustained and the judgment of the lower court is reversed with a procedendo.