Muldowney *v.* Middleman (et al., Appellant).

Argued March 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Harold J. Elkman,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY HIRT, J., July 13, 1954:

Matthew Middleman was driving his own automobile on the business of his employer Sidney A. Cooper, when the car, negligently operated, struck and injured the minor plaintiff. This action was brought against both Middleman as agent and Cooper as principal by the parents of the minor on his behalf. The jury found for the plaintiffs in an amount reflecting the minor's damages, against both defendants, and judgment was subsequently entered against them on the verdict. On July 15, 1953, the defendant Sidney A. Cooper paid the full amount of the judgment and the plaintiffs satisfied the judgment of record as to him. At the same time, the

judgment against Matthew Middleman was marked to the use of Cooper.

On September 14, 1953, defendant Middleman petitioned the court, in the present proceeding, to have the order, marking the judgment to the use of the other defendant, stricken from the record. It was his contention that since the jury had returned a verdict against both defendants, the payment of the judgment by Cooper discharged his liability also. In his petition he also asked the court to direct the satisfaction of the judgment against him and he petitioned for an additional order on the Prothonotary restraining him from certifying the judgment to the Secretary of Revenue of the Commonwealth as an unpaid judgment, in an action based on the negligent operation of a motor vehicle, under §12 of the Act of June 1, 1945, P. L. 1340, 75 PS §1277.12. The lower court invoking the principle of §107 of the Restatement, Judgments, held that the judgment in itself did not impose the duty on Middleman to indemnify Cooper for the amount paid by him. Accordingly the court directed that the judgment against Middleman be marked satisfied. The order will be reversed.

The suit was against the defendants as principal and agent and Cooper, as principal, was liable only in the application of the common law doctrine of respondeat superior. The defendants were not charged with independent acts of negligence which concurred in causing the injury. Cooper as Middleman's employer was liable only vicariously for the result of his employe's negligence; Middleman was primarily liable and Cooper's liability was secondary. Accordingly there can be no question as to the right to indemnity of the principal Cooper from his agent Middleman. "The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom

is made responsible by the law to an injured party. It is a right which enures [as distinguished from the right of contribution] to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable": *Builders Supply Co. v. McCabe*, 366 Pa. 322, 325, 77 A. 2d 368. An agent is subject to liability for loss caused to the principal by any breach of duty except when arising from a contract with the principal. "Thus, a servant who, while acting within the scope of employment, negligently injures a third person, although personally liable to such person, is also subject to liability to the principal if the principal is thereby required to pay damages.": Restatement, Agency, §401(c).

If the present suit had been brought against the employer Cooper alone, he could have brought his agent Middleman onto the record as a party to the action. Goodrich-Amram, §2252 et seq. But in this case no severance of the issue was possible as to the liability of Middleman to his principal, for the reason that the action was brought, and properly so, against both principal and agent, not as joint tort feasors but as defendants severally liable. Under the Act of April 10, 1929, P. L. 479, as amended, 12 PS §141, one who is already on the record as a defendant cannot be brought in again on scire facias as an additional defendant. *Shapiro v. Philadelphia*, 306 Pa. 216, 159 A. 29. The principle has not been changed by the Rules of Civil Procedure. Cf. Goodrich-Amram, §2252, Note. But since Middleman as a party defendant to the action appeared at the trial of the case with counsel and had the opportunity to participate in the defense, the judgment against him determined his liability not only to the plaintiff but

his liability for indemnity to Cooper, as well. Restatement, Judgments, §106(d).

Payment by one of two judgment debtors is not satisfaction where, as here, the intention to preserve the judgment is expressed. In general when one of two joint tort feasors pays a judgment against him he has the right to have the judgment marked to his use so that he may enforce contribution from the other party guilty of the joint wrong. *Goldman et al. v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231. In the opinion in the present case the court held that "the trial did not conclude questions as to what mutual engagements might have been entered into by the parties concerning liabilities such as arose in this case". But that conclusion might be urged with equal force in any case where a plaintiff recovers a judgment against two joint tort feasors. Yet in such situation as above indicated the rule is definitely established that the right of contribution may be enforced without the necessity of independent litigation of the issues between the tort feasors themselves. If two joint wrong-doers may have contribution between them, there is equal reason for a similar equitable right of indemnity arising in favor of one secondarily liable against one primarily liable. The employer Cooper had that right in this case and, on payment of the judgment by him, it was properly marked to his use as against the defendant Middleman since liability to his employer was determined in the action brought by the plaintiffs against both of them.

The order directing the satisfaction of the judgment to the use of Sidney A. Cooper against Matthew Middleman is reversed; the judgment is reinstated and, as an incident, the Prothonotary of the Court of Common Pleas is directed to certify a copy of the judgment to the Department of Revenue of the Commonwealth

in accordance with §12 of the Act of June 1, 1945, P. L. 1340, supra.