M. Shapiro and Son, Inc., Appellant, *v.* Warwick.

Argued March 16, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

George W. Thompson, with him Baile, Thompson & Shea, for appellant.

Norman Snyder, with him Norman M. Brown, and Snyder and Snyder, for appellees.

OPINION BY WATKINS, J., April 16, 1959:

This appeal is from the judgment of the court below in favor of Samuel C. Warwick and Ben Fineman, defendant appellees and against M. Shapiro and Son, Inc., plaintiff appellant.

The action was instituted upon a contract of indemnity for the alleged breach of certain warranties.

The warrants or promise of indemnity arose out of the following circumstances: Prior to July 21, 1950, Park Manor, Inc., was developing a tract of land in the neighborhood of Grey Street in the City of Chester. Adjoining this development was property owned by Edith Van Dyke Eyre, and adjoining the Eyre property was property of Joseph and Mamie Cisca, his wife. On July 21, 1950, Park Manor entered into an easement agreement with Eyre; and on July 26, 1950 entered into an easement agreement with the Ciscas. These agreements were for the purpose of erecting drainage conduits over the property of Park Manor and the Eyre property, among other things.

The warranties and promise of indemnity, that are the basis of this suit, were contained in the agreement of sale by the appellees of Park Manor to the appellant on July 30, 1951. It amounted to a covenant that the Eyre and Cisca agreements would be carried out. At the time of this agreement of sale preliminary work had been done but the sewer installation had not been completed. In December, 1951, a certain sewer line was constructed on the Eyre land parallel to and six (6) feet from the boundary line of the Cisca land. Thereafter, in January, 1952, a third party engaged in backfilling the Eyre land caused the sewer line to be moved several inches unto the Cisca property, causing seepage, and water was discharged across the Cisca property.

The Ciscas brought an action for damages against Park Manor. The appellees in this action were notified of the suit and advised the appellant, now the owner of Park Manor, that they denied any liability and informed him of their defense. Park Manor concluded this litigation by entering into a settlement agreement with the Ciscas for $1747.95. This action was then instituted and trial was held before Judge

DIGGINS, without a jury, and subject to the stipulation by the parties, "authorizing the trial judge to enter such judgment as shall be necessary and requisite to enforce his decision, subject to appeal, with the further provision that the trial judge be not required to find specific findings of fact and conclusions of law but to consider the matters of fact under the same conditions as would a jury."

The trial judge found that the appellees constructed the sewer line in question wholly on the Eyre property in a good and workmanlike manner, and that a third party had pushed the line unto the Cisca land causing the damage. Exceptions were filed and dismissed after argument before the court en banc.

Where an indemnitee has been informed by an indemnitor that liability is denied under a claim instituted against the indemnitee and advised of the indemnitor's defense, and yet, in the light of this knowledge settles the claim, there arises a serious question as to whether such settlement was made in good faith and for sufficient reason, especially where the defense is quite clear and indicates the probability that the indemnitee might successfully defend the action. However, in the present case, assuming arguendo that the settlement between the appellant and the Ciscas was a reasonable one and made in good faith, at most, a presumption arises in favor of the indemnitee and against the indemnitor in an action on the contract. *Wise Shoes, Inc. v. Blatt*, 107 Pa. Superior Ct. 473, 164 A. 89 (1933).

The record of the action between the claimant and the indemnitee, concluded by the settlement, however, is not conclusive as against the indemnitor and he is entitled to a trial by jury and determination by them as to whether or not liability did, in fact, exist and then whether or not it follows that the contract of in-

demnity has been breached. That is exactly what happened here and the findings of the trial court, sitting without a jury, approved by the court en banc, if supported by legally, competent evidence is as conclusive and binding as a verdict of a jury. *Jackson & Perkins Co. v. Mushroom Transportation Co.,* 351 Pa. 583, 41 A. 2d 635 (1945); *Athens National Bank v. Ridgebury Township,* 303 Pa. 479, 483, 154 A. 791 (1931).

Chester Baker, an eminently qualified engineer, testified that he laid out the sewer line; that it was laid on the Eyre property six (6) feet from the Cisca line; that it was placed on the line laid out in accordance with the agreement; that when the job was finished it was in all respects a completed installation and done in a good and workmanlike manner. He also testified that he visited the site later and that a third party had pushed the line unto the Cisca property and broke the joints of the pipe causing the seepage. From this it is clear that there was sufficient, legally, competent evidence to support the findings of the trial judge. *Jackson & Perkins Co. v. Mushroom Transportation Co.,* supra.

The exceptions were limited to the allegation that the decision was against the evidence and the law. Judge DIGGINS in writing his opinion for the court en banc says, "In the opinion of the trial judge, on the facts thus presented, Park Manor Inc., had completed its obligation and could not be held responsible to the plaintiff, and having determined these facts, it followed that there was no breach of warranty and hence entered judgment for the defendant, later sustained by us."

Judgment affirmed.