Martinique Shoes, Inc. *v.* New York Progressive Wood Heel Company, Appellant.

Argued December 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Joseph Head,* with him *Swartz, Campbell & Detweiler,* for appellant.

*Harvey B. Levin,* with him *Harold Jacobs,* and *Lazarus and Levin,* for appellee.

OPINION BY MONTGOMERY, J., March 24, 1966:

New York Progressive Wood Heel Company (Progressive) appeals from a judgment entered against it in favor of Martinique Shoes, Inc. (Martinique), in an action of assumpsit for indemnity for losses allegedly sustained from a breach of warranty in the sale of the heel of a shoe. Defendant's motion for judgment n.o.v. and a new trial were refused. Martinique had affixed the heel in question to a shoe it manufactured and sold to William Hahn & Company, Inc. (Hahn). Eventually the shoe was bought from Hahn by a Mrs. Witt, who upon the occasion of her first wearing of it

was injured in a fall which she alleged was due to the heel splitting because of faulty construction.

Mr. and Mrs. Witt entered a suit in assumpsit for breach of warranty against Hahn to recover damages for personal injuries sustained in her fall. Hahn demanded that Martinique assume the defense of the claim and Martinique notified Progressive of the suit and demanded that it undertake the defense. Neither Martinique nor Progressive undertook such defense and eventually when the case was approaching trial Hahn settled it at a pretrial conference with Mrs. Witt and her husband for $4,500, which amount together with costs of the suit of $1,310.55 and counsel fees of $750 was paid, upon formal demand, by Martinique. The present action was brought to recover these sums from Progressive and resulted in the judgment aforesaid.

The only question raised by this appeal is that relating to the quantity of proof required to support plaintiff's claim. Plaintiff proved the sale of the heel by Progressive to Martinique, the manufacturer of the shoe with the Progressive heel, and its sale to Hahn, the retail sale to Mrs. Witt, the suit of Mr. and Mrs. Witt as evidenced by their complaint and answer thereto filed in the United States District Court for the District of Columbia. Plaintiff also produced evidence of the investigation of the Witts' claim, which included the interrogation of Mrs. Witt, a medical examination, a check of the records of Hahn, a laboratory test of the shoe and broken heel, a report from Mrs. Witt's father who operated an orthopedic shoe repair shop in Cleveland as to the cause of this heel breaking, the advice of counsel for Hahn that upon investigation and a research of the law applicable in the case the suit should be settled, proof of the defective workmanship in the heel by Mr. Birenbaum of Martinique, the opinion of A. P. Piwosky, counsel for Martinique, that the case

should be settled, notice and demand by Hahn to Martinique, and notice and demand by Martinique to Progressive.

However, how Mrs. Witt's accident happened was not proved. It is, therefore, the argument of Progressive that this was the most important factor in this case, the proof of which was necessary in order to establish Hahn's liability for Mrs. Witt's injuries, on which defendant's liability was predicated.

Had the Witt case against Hahn proceeded to trial, verdict and judgment, the facts to support a claim for indemnity would have been established since both Martinique and Progressive had notice of the suit and an opportunity to defend. *Renschler v. Pizano,* 329 Pa. 249, 198 A. 33 (1938); *Muldowney v. Middleman,* 176 Pa. Superior Ct. 75, 107 A. 2d 173 (1954). However, when a cause is settled the record of the action is not sufficient to establish an indemnitee's claim against the indemnitor and the indemnitor is entitled to a trial by jury and a determination by it as to whether or not liability did, in fact, exist and then, whether or not it follows that the contract of indemnity had been breached. *M. Shapiro and Son, Inc. v. Warwick,* 189 Pa. Superior Ct. 445, 150 A. 2d 386 (1959).

In *Wise Shoes, Inc. v. Blatt,* 107 Pa. Superior Ct. 473, 479, 164 A. 89, 91 (1933), we stated, "The right of indemnity against the actual wrongdoer exists whether the one held liable in the first instance pays the loss voluntarily or has a judgment recovered against him. The fact of voluntary payment does not negative the right to indemnity. It merely varies the degree of proof needed to establish the liability of the indemnitor . . . In such a case the rule is that while the judgment is not conclusive as to the issues therein decided, it is presumptive evidence of those facts and stands unless contradicted by the indemnitor . . ." Apparently we made no distinction between a judgment entered

on a verdict returned by a jury after deliberation and one entered on a verdict directed by the court with the consent of the parties, for we adopted the following statement made by the lower court in that case, " 'The judgment, in the absence of fraud or collusion or any suggestion that there was a defense to the action against the sheriff, although entered upon consent of the parties to the action, presumptively, at least, established the liability of the defendants.' " In our present case we have the noticeable distinction in that no judgment was entered, the suit being dismissed with prejudice by agreement of the parties. Under these circumstances it cannot be said that the record established defendant's liability to the claimant. We need not pass on the correctness of our action in approving the aforementioned statement of the lower court since we have no judgment in the present case. However, it would appear to lack the approval of the editors of Restatement, Judgments, §107, who, under comment f, page 517 said, "On the other hand, the indemnitor is not bound by a judgment by confession . . ."

In *Tugboat Indian Company v. A/S Ivarans Rederi*, 334 Pa. 15, 21, 5 A. 2d 153, 156 (1939), our Supreme Court said, "To recover indemnity where there has been such a voluntary payment, however, it must appear that the party paying was *himself legally liable* and could have been compelled to satisfy the claim." This rule is more strict than that found in 18 P.L.E., Indemnity, §11, relied on by the lower court, "Where a claim against the indemnitee has been satisfied by a voluntary settlement, the burden is upon the indemnitee to prove that the settlement was reasonable, or, in lieu thereof, to prove the actionable facts." The general rule as stated in 42 C.J.S., Indemnity, §25, is, "Thus, while a person who is liable for injuries caused by the negligence or wrongful act of another may adjust and pay the claim therefor and need not wait the

result of a suit in order to be entitled to indemnity from the wrongdoer, the amount claimed must be reasonable and just, and the payment must have been made in good faith, after notice to the indemnitor; *and a person so paying assumes the risk, in an action against the wrongdoer for indemnity, of being able to prove the actionable facts on which his liability depends as well as the reasonableness of the amount which he pays.*" (Emphasis supplied) *Tugboat Indian Company v. A/S Ivarans Rederi,* supra. See also *Pittsburgh Steel Company v. Patterson-Emerson-Comstock, Inc.,* 404 Pa. 53, 171 A. 2d 185 (1961), where this practice was followed, and *Lehigh Valley R. Co. v. Hertz,* 38 Luzerne L.R.R. 5 (1944).

Where a judgment has been rendered against an indemnitee but no notice has been given to the indemnitor there rests upon the indemnitee the burden of justifying his payment of damages by offering against the indemnitor in the second action practically the same evidence as was relied on to establish the case against the indemnitee in the first action. *Orth v. Consumers Gas Co.,* 280 Pa. 118, 124 A. 296 (1924); *Byers's Estate,* 205 Pa. 66, 54 A. 492 (1903). We are of the opinion that this requirement prevails also in the case of settlements, even with notice, as previously stated, and the opinion of counsel for the indemnitee that the settlement is reasonable or advisable is not sufficient to establish such liability.

In the present case the evidence falls short of proving liability for Mrs. Witt's fall and injuries on the indemnitee, whether Hahn or Martinique, since the facts of her accident were not demonstrated. Consequently there can be no recovery against Progressive, the indemnitor.

Judgment reversed and entered for appellant-defendant.