The **TRAVELERS INSURANCE COMPANY**

v.

**BANK BUILDING AND EQUIPMENT CORPORATION OF AMERICA.**

Civ. A. No. 79-69 Erie.

United States District Court
W. D. Pennsylvania.

Dec. 30, 1969.

---

511

John G. Gent, Erie, Pa., for plaintiff.

John F. Potter, Erie, Pa., for defendant.

———◆———

OPINION

GERALD J. WEBER, District Judge.

Plaintiff herein is the insurance carrier of one of multiple defendants in a prior trespass action tried in this court; Wagner, Administratrix v. Grannis, et al., 287 F.Supp. 18 [1968]. Plaintiff's insured was exonerated by the jury verdict. Because of contractual and legal rights of indemnity, the other two defendants who were found liable by the jury's verdict were granted judgment in subsequent suits for indemnity against the present defendant; Ohio Casualty Ins. Co. et al. v. Bank Bldg. & Equip. Corp., D.C., 300 F.Supp. 632 [1968].

The present suit attempts to assert liability for counsel fees and litigation expenses incurred by plaintiff in the successful defense of its insured on the grounds of indemnity and under the doctrine that one who has become involved in litigation with others because of the tortious acts of a third party, and has been exonerated of liability, may in a separate action against such third party recover as damages the litigation expenses and counsel fees incurred in such prior litigation. Restatement, Torts, Sec. 914.

■ The indemnity claim is based on an allegation that plaintiff's insured is a third-party beneficiary of the indemnity provisions of the contract between the present defendant and the co-defendant in the prior suit. We are not required to determine this issue because in the prior case this plaintiff was found not legally liable. It is necessary, to ground a claim for indemnity, that the claimed indemnitee has been found liable, or in the case of a voluntary settlement that he establish that he could have been held liable. Martinique Shoes, Inc. v. New York Progressive Wood Heel Co., 207 Pa.Super. 404, 217 A.2d 781 [1966]; Tugboat Indian Co. v. A/S Ivarans Rederi, 334 Pa. 15, 5 A. 2d 153 [1939]. The opposite is true here, plaintiff was found not liable.

Plaintiff also asserts that it is entitled to recover attorney's fees and litigation expenses on the theory that a party who has become involved in litigation with third-parties through the tortious acts of defendant may in a separate action recover as damages the attorney's fees incurred by him in the earlier litigation with such third-party, citing 4 Restatement, Torts, Sec. 914.

The case which has applied Sec. 914 to Pennsylvania law is Seaboard Surety

Co. v. Permacrete Construction Corp., 130 F.Supp. 184, affd. 221 F.2d 366 [3rd Cir., 1955]. This was an action of damages for fraud by a surety company which was compelled to defend and pay a verdict for its principal in a prior action based on its performance bond. It then brought suit against the parties, whose fraudulent misrepresentations had caused it to become surety, to recover the amount paid plus litigation expenses and counsel fees in the prior suit. The District Court held, and the Court of Appeals affirmed, that such expenses were recoverable as part of the damages suffered by the plaintiff as a result of the fraud of the present defendants in that suit.

But here we note that *Seaboard Surety Co.'s* cause of action was based on a tort committed against it by the named defendants. It was the victim of the fraudulent misrepresentation as a proximate result of which it had to face litigation and pay damages under its bond obligation. The expenditure of litigation expenses and counsel fees were but a part of these damages.

In Halifax Area Joint School System v. Chaundy, 29 Pa.Dist. & Co.R.2d 729 [C.P.Pa., 1962], the plaintiff was allowed to claim for the expenses of an audit made to determine the extent of defendant's embezzlement from it. Again, a direct tortious action had been made by the defendant against plaintiff.

We have been referred to no case and have found none where a party with no other cause of action against another has been permitted to maintain an action for the litigation expenses incurred in defending himself in a trespass action, liability for which was ultimately placed on such other party.

In order to give rise to a cause of action for counsel fees expended in the prior suit, under the rule of Sec. 914 of the Restatement of Torts, it must be shown that the prior suit against this plaintiff was proximately caused by some tortious act of the present defendant directed at the present plaintiff. See Corace v. Balint, 418 Pa. 262, 210 A.2d 882 [1965]. "What is required is proof that the plaintiff became involved in collateral litigation with others as a natural and probable consequence of the wrong *committed by the defendant against the plaintiff*." Guido v. City of Schenectady, 404 F.2d 728, 741 [2nd Cir., 1968]. (emphasis supplied).

The present defendant's tort here operated against all parties within the ambit of danger created by his negligent act in the construction of a wall foundation. A workman was killed. Two other parties were named defendants in that suit and were found liable because of their relationship to the property where the accident occurred. They were indemnified by the present defendant because of his contractual or legal obligation of indemnity. The present plaintiff's insured was also named because of independent acts of alleged negligence, but it was found not liable.

We cannot say that suit was brought against the present plaintiff's assured as a natural and probable consequence of the present defendant's action. The naming of plaintiff's insured in the prior lawsuit was solely a circumstance arising out of his prior connection with the building where the accident occurred.

We, therefore, find that the present Complaint does not set forth a cause of action against the defendant, and defendant's motion to dismiss will be granted.