501 A.2d 684

RIDGEWAY COURT, INC.

v.

JAMES J. CANAVAN INSURANCE ASSOCIATES, INC., and Aetna Insurance Company and James J. Canavan, Jr., and Alleva Insurance Company, Inc.

Appeal of JAMES J. CANAVAN INSURANCE ASSOCIATES, INC., and James J. Canavan, Jr.

John MATELYAN and Sheila Matelyan

v.

JAMES J. CANAVAN INSURANCE ASSOCIATES, INC., and Aetna Insurance Company and James J. Canavan, Jr., and Alleva Insurance Company, Inc.

Appeal of JAMES J. CANAVAN INSURANCE ASSOCIATES, INC., and James J. Canavan, Jr.

John MATELYAN and Sheila Matelyan, Appellants

v.

JAMES J. CANAVAN INSURANCE ASSOCIATES, INC., and Aetna Insurance Company and James J. Canavan, Jr., and Alleva Insurance Company, Inc.

RIDGEWAY COURT, INC., Appellant

v.

JAMES J. CANAVAN INSURANCE ASSOCIATES, INC., and Aetna Insurance Company, and James J. Canavan, Jr., and Alleva Insurance Company, Inc.

Superior Court of Pennsylvania.

Argued April 18, 1985.

Filed Dec. 13, 1985.

Michael D. Gallagher, Philadelphia, for appellants (at 2501 & 2502) and for appellees (at 2503 & 2504).

Marshall A. Bernstein, Philadelphia, for appellants (at 2503 & 2504) and for appellee (at 2501 & 2502).

Charles W. Craven, Philadelphia, for Aetna, appellees.

Before WICKERSHAM, BECK and CERCONE, JJ.

CERCONE, Judge:

Appellants, John and Sheila Matelyan (Matelyan), brought an action for professional negligence against James J. Canavan Insurance Associates, Inc. (Canavan), a corporation engaged in the business of brokering insurance coverage. On November 18, 1971, John Matelyan was seriously in-

jured on a job site owned and controlled by Ridgeway Court, Inc. and D. Falcone, Inc. (the two corporations). Matelyan initially brought suit for his injuries against the two corporations, who had earlier retained James J. Canavan Insurance Associates, Inc., to provide them with full and adequate liability insurance coverage. After extensive discovery depositions and medical reports were produced, Matelyan entered into a settlement with the two corporations. A judgment was entered in the Matelyans' favor and against the two corporations in the amount of $1,250,000.00.

However, there was only $100,000.00 in insurance coverage and this amount was paid by Aetna Insurance Company, an appellee in the instant case, but against whom appellants have not requested relief. As part of the settlement, each defendant corporation assigned to Matelyan its claim against Canavan for its failure to provide adequate insurance. Another agreement provided the corporations with relief from any further liability regardless of the outcome of the instant case of Matelyan, assignee, against Canavan for professional negligence.

The Matelyans, in the instant case, allege that Canavan negligently and carelessly failed to advise the corporations properly and negligently failed to provide the full and adequate coverage which would have enabled the two corporations to pay the agreed judgment of $1,250,000.00.

In the proceedings below, the trial court sitting without a jury, heard testimony from James J. Canavan, Jr., who had been an officer of Canavan at the time of the incidents which gave rise to this suit. Marie Franchetti, an employee of Canavan, also testified. Dominic Falcone, an officer of two corporations was called as a witness. The lawyer who represented the two corporations in the settlement negotiations testified as to the background and reasons for the settlement. The lawyer representing Ridgeway Court, who was suing Canavan for attorney's fees, also testified. Called as experts were an attorney who testified as to the reasonableness of the $1,250,000.00 settlement, and an insurance company executive who expressed his opinion that

Canavan did not conform to insurance industry standards in its representation of the corporations. The Matelyans did not appear in the trial in the instant case.

At every opportunity, Canavan objected on the grounds of hearsay to every deposition or medical record introduced by Matelyan in the attempt to substantiate the underlying tort claim of Canavan's negligence in not providing adequate insurance coverage. Moreover, Canavan had submitted a pretrial brief which stated its ongoing objection to the evidence and asserted, under *Martinique Shoes, Inc. v. New York Progressive Wood Heel Co.*, 207 Pa.Superior Ct. 404, 217 A.2d 781 (1966), that the facts and circumstances of Mr. Matelyan's accident were required to be proved by direct evidence in the professional negligence trial.

The trial court continually ruled against Canavan,[1] but ultimately ruled in Canavan's favor as to this issue. However, it decided that Canavan was indeed negligent when it did not at least offer Dominic Falcone, officer of one of the two corporations, a $1,000,000.00 umbrella policy, which the court found Falcone would have accepted had it been offered. The court also concluded that the $1,250,000.00 settlement figure was reasonable based primarily on the expert testimony of the lawyer who evaluated the underlying case involving Matelyan's injuries.

The court entered judgment against Matelyan and in favor of Canavan in that the evidence presented by Matelyan pertaining to his injuries was based on hearsay evidence. The court concluded that this evidence did not meet the quantum of proof required by *Martinique Shoes, supra*. Thus, these appeals represent Matelyan's claim that the court erred in following *Martinique Shoes, supra*, and on cross-appeal, Canavan's claim that the court was in error

1. For example, in one instance, the court said:
   "I have previously overruled your objection on the grounds of hearsay. Since this is a non-jury case, I will reserve the right, upon my adjudication in this case, to study the problem more deeply. And if I think you are correct, it will appear in my adjudication. But for the purpose of the present ruling, your objection is overruled."

in finding Canavan negligent and the $1,250,000.00 settlement reasonable. Canavan asserts that because the court found that Matelyan did not meet its burden of proof, that the court should not have reached the other issues. However, the court did so in order to expedite a judgment n.o.v. in the event it had erred on the hearsay issue.

So far as the important issue in this case is concerned, i.e., the hearsay issue, we are persuaded of the continuing viability of *Martinique Shoes, supra.* In that case, Mrs. Witt's accident was the underlying injury of a subsequent assumpsit suit for indemnity. Progressive Wood Heel Company manufactured a particular heel which Martinique, maker of shoes, affixed to a shoe. Mrs. Witt bought such a shoe from Hahn and subsequently brought suit against Hahn to recover damages for personal injuries sustained when the heel allegedly split on the first occasion she wore it. Hahn demanded that Martinique assume the defense, and Martinique demanded the same of Progressive Wood, the manufacturer of the heel. Neither Martinique nor Progressive Wood defended and, subsequently, Hahn settled with Witt for an amount which Martinique paid upon formal demand by Hahn.

Principles of law set forth in the *Martinique Shoes* case in which Martinique sued Progressive to recover the amount it paid Hahn are applicable in the instant case, in that everything was sufficiently proven 'except how Mrs. Witt's accident happened. The significance of this omission in *Martinique* lay in the fact that the underlying suit had been settled, and thus no record was established upon which to determine Martinique's and/or Progressive's liability, if any. As the court quoted,

"... when a cause is settled the record of the 'action is not sufficient to establish an indemnitee's claim against the indemnitor and the indemnitor is entitled to a trial by jury and a determination by it as to whether or not liability did, in fact, exist and then, whether or not it follows that the contract of indemnity had been breached. *M. Shapiro and Son, Inc. v. Warwick,* 189 Pa.Superior

Ct. 445, 150 A.2d 386 (1959). *Martinique Shoes, supra,* 207 Pa.Superior Ct. at 407, 217 A.2d at 782–3.

Thus, the trial court concluded that

"the introduction of the deposition of the plaintiff in the other law suit for the purpose of proving liability *in fact,* was clearly hearsay and plaintiffs are, therefore, left with a record that cannot sustain a verdict in their favor."

The trial court cited fairness to Canavan as another basis for its decision. Canavan never participated in the settled case and had not even been notified of it. Thus, the trial court held that Canavan was entitled to a non-hearsay proof of liability in the instant action since evidence in the settled case was hearsay in the instant trial.

Matelyan attempts to distinquish the instant case from the Martinique case on the ground that the instant case involves two torts (the negligence of the Falcones at the construction site and the professional negligence of Canavan).

The distinction between *Martinique Shoes* and this case as involving two separate torts is obvious. However, the significance of this difference pales in light of the rationale underlying the necessity of presenting some quantum of evidence to support proof of Matelyan's injuries. Because the first action in which Canavan was not a party was resolved by settlement, the second action, *Matelyan v. Canavan and Ridgeway Court v. Canavan,* could only be tried by admissible evidence against Canavan, in order for Matelyan's suit to be cognizable as sufficient in fact and law. It is not enough for Matelyan to argue Canavan is not entitled to an opportunity in the instant case to challenge the underlying tort because Canavan's negligence caused the second tort. Canavan should have been allowed an opportunity to challenge the facts which resulted in the settlement which only Canavan was now being sued to furnish. Faced with *Martinique Shoes,* we can do nothing else than affirm judgment for Canavan.

As for Canavan's cross-appeal, it argues that the trial court erred in finding both that Canavan was negligent and

that, if the trial court was wrong in determining the records and depositions in the settled case to be hearsay on the liability issue, that the amount of settlement was reasonable. Since we agree with the trial court's findings that plaintiffs' case was predicated on hearsay evidence, and that they are, therefore, left with a record that cannot sustain a verdict in their favor, we need not address these findings.

Order affirmed.