**BESSER COMPANY, Plaintiff,**

v.

**PACO CORPORATION, Defendant.**

**Civ. No. 85–1347.**

United States District Court, M.D. Pennsylvania.

Feb. 3, 1987.

---

Charles Jay Bogdanoff, Gekoski & Bogdanoff, Philadelphia, Pa., for plaintiff.

David J. Griffith, Sheila Brennan Conner, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff commenced this action by filing a Complaint on September 16, 1985. In the Complaint, plaintiff seeks indemnity or contribution from defendant as a result of plaintiff's payment of two hundred thousand ($200,00.00) dollars to one Robert Galdieri (Galdieri) pursuant to a settlement of Galdieri's case against plaintiff and defendant. Defendant demanded a jury trial and filed an answer on February 13, 1986. Pursuant to the court's instructions, the parties filed pretrial memorandums concerning the burden of proof plaintiff would bear at trial. The issue presented confronts the court with a legal question which must be determined prior to trial. For the reasons set forth below, the court concludes that at trial plaintiff must establish its actual liability, as opposed to potential liability, to Galdieri on the indemnity claim and plaintiff will need to establish that plaintiff and defendant were joint tortfeasors in Galdieri's action to proceed on plaintiff's contribution claim.[1]

### FACTUAL BACKGROUND

Plaintiff instituted this action against defendant seeking in the alternative indemnity or contribution for plaintiff's payment of $200,000.00 in the settlement of a prior personal injury action filed by Galdieri in the United States District Court for the Middle District of Pennsylvania against Plaintiff Besser Company and Defendant Paco Corporation. The settlement occurred during a trial on the merits, but Defendant Paco Corporation did not contribute toward the settlement. While defendant admits to the reasonableness of the amount of the settlement, defendant disputes the existence of liability by any party for Galdieri's injuries.

The instant dispute between the parties concerns plaintiff's burden of proof on the indemnity and contribution claims at trial.

---

1. Plaintiff filed a Motion in Limine to preclude expert testimony on May 15, 1986. The basis of the motion was defendant's failure to identify and disclose expert witnesses. Being that the trial of this case was continued from the May trial list, the aforementioned motion will be dismissed as moot. Should the need arise for plaintiff to reassert the motion, however, the court will consider granting appropriate relief.

It is defendant's position that plaintiff must prove that it was legally obligated to pay Galdieri in the original action. On the other hand, plaintiff would apparently ask the court to adopt a less stringent burden of proof whereby indemnity and contribution could be had if plaintiff shows that it was *potentially* liable to Galdieri in the original action.[2]

## DISCUSSION

### I.

At the outset, the court recognizes that in this diversity action, the law of the forum must be applied. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Accordingly, the court must apply Pennsylvania law to the instant action.

In *Tugboat Indian Co. v. A/S Ivarans Rederi*, 334 Pa. 15, 5 A.2d 153 (1939), the Pennsylvania Supreme Court stated, "[T]o recover indemnity where there has been such a voluntary payment, however, it must appear that the party paying was *himself legally liable* and could have been compelled to satisfy the claim." *Id.* at 21, 5 A.2d 153 (emphasis in original). In that case, Defendant Tugboat Indian Company (Tugboat) settled with plaintiff for $2,500.00. Upon commencement of the action by plaintiff, counsel for Tugboat wrote letters to counsel for A/S Ivarans Rederi (Rederi) and Moore and McCormick, Inc. (Moore) demanding that these defendants undertake defense of the suit. In addition, prior to effecting the settlement of the case with plaintiff, Tugboat gave notice of the proposed payment and expressly reserved the right of action by way of subrogation against the remaining defendants. The above quotation in *Tugboat* was reaffirmed by the Pennsylvania Superior Court in *Martinique Shoes, Inc. v. New York Progressive Wood Heel Co.*, 207 Pa.Super. 404, 217 A.2d 781 (1966). In *Martinique*, the court recognized that the only question raised by the appeal was that relating to

the quantity of proof required to support plaintiff's claim for indemnification. The Superior Court reaffirmed the principle that a party making a voluntary payment assumes the risk of being able to prove the actionable facts upon which his liability depends as well as the reasonableness of the amount which he pays. *Id.* at 409, 217 A.2d 781. As the court stated:

> Where a judgment has been rendered against an indemnitee but no notice has been given to the indemnitor there rests upon the indemnitee the burden of justifying his payment of damages by offering against the indemnitor in the second action practically the same evidence as was relied on to establish the case against the indemnitee in the first action. (citations omitted). *We are of the opinion that this requirement prevails also in the case of settlements, even with notice, as previously stated, and the opinion of counsel for the indemnitee that the settlement is reasonable or advisable is not sufficient to establish such liability.*

*Id.* See also *Ridgeway Court, Inc. v. James J. Canavan Ins. Assoc., Inc.*, 348 Pa.Super. 136, 501 A.2d 684 (1985) (Superior Court persuaded of the continuing viability of *Martinique Shoes* ).

In its pretrial memorandum, plaintiff attempts to distinguish *Martinique Shoes* by claiming that in *Martinique Shoes* the indemnitor was not a party to the underlying action and was not aware of the settlement. A review of the facts in *Martinique Shoes*, however, compels a different conclusion.

In *Martinique*, one Defendant, Hahn, demanded that Defendant Martinique assume the defense of the claim and Martinique notified Defendant Progressive of the suit and demanded that it undertake the defense. When neither Martinique nor Progressive undertook the defense, and with the case approaching trial, Hahn settled with plaintiff. Upon formal demand, Mar-

---

**2.** Defendant has stipulated that the amount of the settlement, *i.e.*, $200,000.00, is reasonable. Plaintiff also argues that indemnity is proper when the indemnitee shows *only* that the settle-

ment was reasonable and made in good faith. For the reasons discussed *infra*, the court rejects this conclusion.

tinique paid the amount of the settlement plus costs to Hahn. Martinique then sought indemnity from Progressive.

As stated, the evidence indicated that Martinique had made a demand from Progressive prior to the settlement. Indeed, the court expressly stated, "[H]ad the Witt case against Hahn proceeded to trial, verdict and judgment, the facts to support a claim for indemnity would have been established *since both Martinique and Progressive had notice of the suit and an opportunity to defend.*" *Id.* 207 Pa.Super. at 407, 217 A.2d 781 (citations omitted). In rendering its decision, the Superior Court was of the opinion that the requirement of proving actual liability prevailed in cases of settlements, even with notice. *Id.* at 409, 217 A.2d 781. Accordingly, the court does not find plaintiff's distinctions persuasive.

In *Philadelphia Electric Co. v. Hercules, Inc.,* 762 F.2d 303 (3d Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985), our Court of Appeals stated, "[U]nder Pennsylvania law, the right to indemnity 'enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation to pay damages occasioned by the negligence of another.'" *Id.* at 316 (citation omitted). Proceeding further, the court held:

'To recover indemnity where there has been such a voluntary payment, however, it must appear that the party paying was *himself legally liable* and could have been compelled to satisfy the claim.' *Tugboat Indian Company v. A/S Ivarans Rederi,* 334 Pa. 15, 21, 5 A.2d 153,

156 (1939) (emphasis in original) (footnote omitted).

'Thus, the indemnitee may be required to establish his case against the indemnitor in the same way that the claimant against him would have been obligated to do, namely, by a preponderance of the evidence. A mere showing by a party seeking indemnity that there was a reasonable possibility that it might have been held liable if it had not settled ... is not sufficient to recover indemnity; actual legal liability must be shown.' 41 Am.Jur.2d *Indemnity* § 33, at 723 (1968) (footnotes omitted). *See also Martinique Shoes v. New York Progressive Wood Heel Company,* 207 Pa.Super. 404, 217 A.2d 781 (1966).

*Id.* at 317. Being that the issue of liability of the indemnitor and the indemnitee was not tried, the court could not uphold an award of damages on an indemnification theory.

Moreover, in *Philadelphia Electric Company,* the Court of Appeals noted that to recover on an indemnification theory, the party seeking indemnity must give proper notice and establish that the settlement was fair and reasonable. In that case, the party against whom indemnification was sought did not dispute that it was informed of the indemnitee's negotiations toward settlement and that the amounts the indemnitee expended were reasonable. Again, this supports the court's finding that Paco's awareness of, and participation in, the settlement negotiations does not require a different result from that reached in *Martinique Shoes.* [3]

---

**3.** Admittedly, various jurisdictions have applied the potential liability theory so that settlement will not be discouraged because of the difficult burden placed upon the indemnitee to establish its right to indemnification. *See Frederick v. Hess Oil V.I. Corp.,* 642 F.2d 53 (3d Cir.1981) (Seitz, C.J., dissenting). Similarly, in *M & O Marine, Inc. v. Marquette Co.,* 730 F.2d 133 (3d Cir.1984), our Court of Appeals specifically noted that it had yet to rule on the issue of whether an indemnitee may, in some instances, show only potential liability to recover. *See also Hess Oil Virgin Islands Corp. v. Firemen's Fund Ins. Co.,* 626 F.Supp. 882 (D.V.I.1986) (where indemnitee offered indemnitor choice of either approving settlement or assuming defense of the

action, court opined that the Third Circuit would permit proof of only potential liability to trigger the right to indemnification); *Dominic v. Hess Oil Virgin Islands Corp.,* 624 F.Supp. 117 (D.V.I.1985) (inference is clear that when the Third Circuit is confronted with a situation where defense is tendered to the indemnitor and rejected, it will permit proof of only potential liability to suffice). Of course, none of the cases just cited applied Pennsylvania law. When confronted with a situation arising under Pennsylvania law, this court believes that our Court of Appeals would recognize the Pennsylvania court's adherence to the actual liability theory. *See Daily Express, Inc. v. Northern Neck Transfer Corp.,* 490 F.Supp. 1304 (M.D.Pa.1980)

In sum, confronted with the Pennsylvania Supreme Court's decision in *Tugboat*, the subsequent Superior Court decisions in *Martinique Shoes* and *Ridgeway Court* and our Third Circuit Court of Appeals decision in *Philadelphia Electric Company*, this court must conclude that at the trial of this matter plaintiff will be required to prove the actionable facts on which its liability to Galdieri depended. *See also Wisdom v. Gulf Oil Corp.*, No. 84-0141, slip op. (E.D.Pa.1986) (before trial plaintiff and Gulf entered into a settlement agreement; PDM was a third-party defendant in original action; held: to recover indemnity Gulf must demonstrate by a preponderance of the evidence that it was liable to plaintiff). Accordingly, defendant may present evidence that plaintiff was not responsible for Galdieri's injuries. The determination to be made is whether plaintiff was legally obligated to pay Galdieri.

In addition, the parties agree that plaintiff will have to prove that it was only secondarily or passively liable to Galdieri in the underlying action while defendant was primarily or actively liable. Accordingly, as defendant illustrates, plaintiff will have to present evidence of the relative liability of itself and defendant for consideration by the factfinder. In this way the trier of fact can determine the relative liability of each party because there can be no indemnity between parties that each bear primary responsibility for a wrong, regardless of the relative degrees of fault. *See Philadelphia Electric Co. v. Hercules, Inc., supra,* at 318. As our Court of Appeals stated:

'The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence but rather on a difference in the *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligations owed by each of the wrongdoers to the injured person. Secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule of statutory or common law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible.'

*Id.* (citation omitted) (emphasis in original). Consequently, in addition to establishing that it was actually obligated to pay Galdieri in the underlying action, plaintiff will have to establish that its liability as compared to defendant's was only secondary or passive.

## II.

In its pretrial Memorandum, plaintiff avers that should the court rule that plaintiff must prove actual liability, plaintiff may then select to proceed on a contribution theory as opposed to seeking indemnity. *See* Document 21 of the Record at 18. Defendant reserved the right to brief the contribution issue prior to trial, but indicated that its position was that should plaintiff proceed in contribution, it must still prove active negligence and liability on the part of both Besser and Paco. Indeed, plaintiff concedes that in order to get contribution from defendant, it must show that the settlement figure was reasonable and that defendant and plaintiff were in fact joint tort-feasors. *Id.* at 19.

In Pennsylvania, contribution among joint tort-feasors is provided for in 42 Pa. Cons.Stat.Ann. § 8321 *et seq.* The statutory framework provides, "[A] joint tort-feasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tort-feasor whose liability to the injured person is not extinguished by the settlement." *Id.* at § 8324(c). In this case, the settlement did extinguish the liability of both plaintiff and defendant to Galdieri.

Under the Uniform Contribution Among Joint Tort-feasors Act, when settlement oc-

(Rambo, D.J.) (under Pennsylvania law before any individual may seek indemnity on either an express or implied contract of indemnity, he must at least have had a legal duty to pay to the third party the sum in question; *citing Martinique Shoes, Inc. v. New York Progressive Wood Heel Co.*, 207 Pa.Super. 404, 217 A.2d 781 (1966)).

curs before the injured plaintiff has proven his original case at trial, the settling tortfeasor cannot enforce his right to contribution unless he proves in a separate proceeding that the settlement figure was reasonable and that the party from whom he seeks contribution was in fact a joint tortfeasor. *See Nationwide Mutual Ins. Co. v. Philadelphia Electric Co.*, 443 F.Supp. 1140 (E.D.Pa.1977). Thus, the parties apparently agree that in order for plaintiff to recover contribution, it will have to establish that it and defendant were joint tortfeasors in the original action. Accordingly, plaintiff cannot avoid establishing actual liability by seeking contribution as opposed to indemnity. To establish that both it and defendant were joint tort-feasors, plaintiff will need to prove the liability of Besser and Paco to Galdieri.

An appropriate Order will enter.

### ORDER

NOW, this 3rd day of February, 1987, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Motion in Limine is dismissed as moot.

(2) The court determines that at the trial of this case Plaintiff, Besser Company, will need to establish actual liability for the payment made to Robert A. Galdieri in the original action on its indemnification theory.

(3) Should plaintiff proceed on a contribution theory, it will need to show that it and the Defendant Paco Corporation were joint tort-feasors in the original action filed by Robert A. Galdieri.