Joseph **FREDERICK**, et al.

v.

**HESS OIL V. I. CORPORATION, D & M Electric Company, Inc., Third-Party Defendant, Appellant.**

No. 80–2268.

United States Court of Appeals, Third Circuit.

Argued Dec. 11, 1980.

Decided Feb. 26, 1981.

---

Britain H. Bryant (argued), Bryant & Lenahan, Christiansted, St. Croix, V. I., for Hess Oil Virgin Islands Corp.

David V. O'Brien (argued), O'Brien & Moore, St. Croix, V. I., for appellant D & M Electric Co., Inc.

Before SEITZ, Chief Judge, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge

Joseph Frederick, an employee of D & M Electric Company, Inc. (D & M) was injured in the course of his employment. While de-energizing and removing electric cables at the refinery owned by Hess Oil Virgin Islands Corporation (Hess), he received an electrical shock and fell. D & M was at the time performing services for Hess pursuant to a purchase order. Frederick, although covered by the workmen's compensation statute of the Virgin Islands, 24 V.I.C. § 251 *et seq.*, sued Hess, charging it with negligent responsibility for his injuries. Like most workmen's compensation schemes, that of the Virgin Islands preserves negligence actions against non-employers. 24 V.I.C. § 263. Hess filed a third party action against D & M for enforcement of a contractual indemnity obligation in a blanket purchase order for electrical work. The indemnity clause provides:

(b) The Seller further will indemnify or save harmless, the buyer from and against any and all demands, loss or liability for or on account of any injury, including death, or damage received or sustained by any person or persons, including any employee, representative, agent, or invitee of the Seller of any of its sub-contractors, or Buyer or Buyer's employees, by reason of any act or neglect on the part of the Seller or its subcontractors or the employees, representatives, agents or invitees of the seller or its subcontractors, in connection with or rising out of the furnishing of the articles, materials or work hereunder.

After the third party action was served, Frederick, D & M and Hess stipulated to the judgment of $98,000 in favor of Mr. Frederick against Hess. D & M did not contest the reasonableness of this stipulated judgment and advanced $49,000 toward its satisfaction, while Hess advanced the other $49,000. Hess and D & M agreed that the court should determine which of them should be liable for the entire amount.

It is not disputed that while the exclusive remedy section of the Virgin Islands Workmen's Compensation statute, 24 V.I.C. § 284, would prevent a direct action in negligence against D & M, nothing in that or any other Virgin Islands law prohibits an indemnity agreement such as that sued upon.

In the trial of the action on the indemnity clause D & M offered no evidence to show that Hess was responsible for Frederick's injury.[1] Hess offered evidence tending to show that Frederick was injured as a result of his own negligence and as a result of lack of supervision by D & M, and the court so found. 492 F.Supp. at 1340. This finding, held the court, entitled Hess to recover from D & M under the agreement evidenced by execution of the indemnity clause and subsequent negotiations for settlement.[2] Judgment was entered, therefore, in favor of Hess for $49,000.[3]

D & M contends that as a result of the judgment it has been held liable to indemnify Hess for Hess' own negligence. Since neither D & M nor Hess introduced any evidence of Hess' negligence we have some difficulty in following this line of argument. Perhaps what is meant is that because the parties stipulated to a $98,000 judgment, Hess' negligence is established as a matter of law. But the indemnity agreement indemnifies against "all demands, loss or liability." Certainly Hess was faced with a demand, its potential exposure was large, and D & M did not contend that the $98,000 settlement was unreasonable. Moreover, had Hess' actual negligence been proved, and Hess also proved, as it has, that D & M and its employee were negligent as well, the contract would still apply, for although Section 284 of the Workmen's Compensation Act might protect D & M from liability as a joint tortfeasor it does not prevent contract indemnity.

In the trial court D & M contended that the indemnity contract was a contract of adhesion, that it violated public policy by permitting indemnification for a party's own negligence, and that the judgment violated the Virgin Islands Comparative Negligence statute. 5 V.I.C. § 1451. These contentions, all of which the trial court rejected, are not pursued on appeal, and we have no occasion to discuss them.

The judgment appealed from will be affirmed.

SEITZ, Chief Judge, dissenting.

The district court held that Hess was entitled to indemnification because it suffered a *loss* as a result of Frederick's *demand* for compensation for his injuries, and those injuries were caused by the *act* or *neglect* of D & M and its employees. The majority affirms the district court's decision, emphasizing that the indemnity agreement extends to "all demands, loss or liability," and that Hess was faced with a demand. I disagree with the district court and the majority because I believe they have misinterpreted the indemnity agreement. In addition, under my reading of the agreement, an important issue was overlooked that should be resolved by the application of traditional indemnity principles.

The district court and the majority emphasize that Hess was presented with a demand for compensation by Frederick. However, D & M's obligation under the agreement to indemnify Hess is triggered only by a demand "for or on account of any injury . . . received or sustained by any person . . . by reason of any act or neglect on the part of [D & M]. . . ." The demand made by Frederick in his complaint was for compensation for injuries "wholly and proximately caused by the negligence of [Hess]." Frederick's complaint does not allege any

---

1. The court so found. 492 F.Supp. 1338, 1344 n.4 (D.V.I.1980). Since the appellant did not order the notes of testimony transcribed we assume this finding is not contested.

2. We agree with the dissent in endorsing the general view that, where necessary to avoid unfairness, and to avoid defeating the intention of the parties, the indemnitor should be able to negate his liability by showing that the indemnitee was not under a legal compulsion to pay the settled claim. However, contrary to the premise adopted by the dissent, we believe it evident that considerations of fairness and intent were fully incorporated into the process by which the district court reached its result in the particular factual setting of this case. *See* 492 F.Supp. at 1344 n.3. Thus it is unnecessary to remand for additional consideration.

3. The record does not disclose whether D & M has asserted a right of subrogation against Frederick's $98,000 recovery for any sums it may have paid him for workmen's compensation, or indeed whether any such sums were paid.

negligence on the part of D & M or its agents. Because the indemnity agreement must be strictly construed against Hess, its drafter, I would hold that Hess was not faced with a demand within the meaning of the agreement.

The indemnity agreement provides that D & M must also indemnify Hess for any "loss or liability" caused by an act or neglect of D & M or its agents. The district court found that Hess had suffered a loss covered by the agreement. It is clear, however, that if there had been no settlement of the action brought by Frederick, Hess would not have incurred any loss or liability.[1] The trier of fact ultimately found that Hess was not negligent; therefore, because Hess was not a joint tortfeasor, it could not have been held liable in the Frederick action for any injuries caused by an "act or neglect" of D & M or its agents. The district court, however, stated that Hess' right to indemnification should be determined "without regard to what may have been the result in a trial." Thus, the district court has interpreted "loss or liability" to mean a potential loss or liability at the time of settlement. But the indemnity agreement sheds no light on whether D & M's obligation to indemnify is triggered by compensation paid by Hess in response to a potential loss or liability. Because the intent of the parties cannot be ascertained by the terms of the agreement, it is necessary to refer to traditional indemnity principles to determine whether Hess must show potential or actual liability before it is entitled to indemnification. *See Missouri Pacific Railroad v. International Paper Co.*, 618 F.2d 492 (8th Cir. 1980).

The general rule is that the indemnitee, in this case Hess, must show actual liability. *See, e. g., Tankrederiet Gefion A/S v. Hyman-Michaels Co.*, 406 F.2d 1039, 1042 (6th Cir. 1969); 41 Am.Jur.2d *Indemnity* § 33 (1968). Many courts, however, hold that

the indemnitee must show only potential liability if it settles a claim for a reasonable amount after giving the indemnitor an opportunity to approve the settlement or to defend the primary action. *See, e. g., Parfait v. Jahncke Service, Inc.*, 484 F.2d 296, 304–05 (5th Cir. 1973); *Morrissette v. Sears, Roebuck & Co.*, 114 N.H. 384, 322 A.2d 7, 9–11 (1974). *Cf.* Restatement of Restitution § 76, Comment f (1937). *But see Daily Express, Inc. v. Northern Neck Transfer Corp.*, 490 F.Supp. 1304, 1307 (M.D.Pa.1980) (in any settlement indemnitee must assume risk of showing actual liability in action against indemnitor); *Martinique Shoes, Inc. v. New York Progressive Wood Heel Co.*, 207 Pa.Super. 404, 217 A.2d 781, 783–84 (1966) (same).

The decision whether to require actual liability in all situations or to recognize a potential liability exception is an important one. On the one hand, if actual liability is always required, settlements will be discouraged because of the difficult burden placed upon the indemnitee to establish its right to indemnification. On the other hand, the rule adopted must not be unfair to the indemnitor, who should be able to show that the indemnitee was not under a legal compulsion to pay the settled claim. Because the district court did not have an opportunity to review these principles and apply them to the present case, I believe that it is inappropriate to do so on appeal, especially given the record before us.[2] Therefore, in the interest of fairness, I would vacate the judgment of the district court and remand for proceedings consistent with this opinion.

---

1. It should be noted that D & M expressly stated at the settlement conference that it was advancing half of the stipulated judgment "without prejudice" to any defense in the indemnity action.

2. The parties did not raise the potential liability issue in the district court, and they did not brief this issue in the district court or in this court. In addition, the testimony and arguments in the district court were not transcribed for this appeal.