**M & O MARINE, INC.**

v.

**MARQUETTE COMPANY, Appellant
in No. 83–5422.**

**M & O MARINE, INC., Appellant
in No. 83–5499,**

v.

**MARQUETTE COMPANY.**

**Nos. 83–5422, 83–5449.**

United States Court of Appeals,
Third Circuit.

Argued March 9, 1984.

Decided March 22, 1984.

Robert S. Garrett (argued), Alan M. Shapiro, Egler, Anstandig, Garrett & Riley, Pittsburgh, Pa., for appellant in No. 83–5449.

Dennis A. Watson (argued), Grogan, Graffam, McGinley, Solomon & Lucchino, Pittsburgh, Pa., for appellant in No. 83–5422.

Before ALDISERT, HIGGINBOTHAM and PECK[*], Circuit Judges.

[*] Honorable John W. Peck, of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

After settling a claim, brought against it by an injured employee, for $77,505.61, M & O Marine sued Marquette in diversity for indemnification on a theory of primary/secondary negligence. A jury awarded M & O Marine $46,503.40 to which the district court added about $1,400 in Rule 238, Pennsylvania Rule of Civil Procedure, damages. M & O Marine appeals contending that the district court erred: (1) in not allowing it to get indemnification upon a proof of only its potential, rather than actual, liability to the employee; and (2) in applying Rule 238 rather than federal prejudgment interest standards. Marquette cross appeals contending that the employee was contributorily negligent and that this bars M & O Marine's indemnification action. We find all contentions meritless and affirm.

■ First, when indemnification is sought either under a maritime contract or under a theory of primary/secondary negligence based on a maritime tort, federal maritime law applies. *See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); *Griffith v. Wheeling-Pittsburgh Steel Corp.*, 610 F.2d 116 (3d Cir.1979), *vacated on other grounds*, 451 U.S. 965, 101 S.Ct. 2038, 68 L.Ed.2d 343 (1981), *reinstated on remand*, 657 F.2d 25 (3d Cir. 1981), *cert. denied*, 456 U.S. 914, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982). Although Marquette argues to the contrary, we are satisfied that M & O Marine entered sufficient evidence to establish an indemnification relationship between it and Marquette on the theory of primary/secondary negligence in tort. *See Tri-State Oil Tool Industries, Inc. v. Delta Marine Drilling Co.*, 410 F.2d 178 (5th Cir.1969).

■ Under federal maritime law, once an indemnification relationship is established, the general rule is that in order to secure indemnification, an indemnitee must prove that it was actually liable to the injured party, even if, in the original liability suit, it settled with the injured party rather than proceed to judgment. *Frederick v. Hess Oil V.I. Corp.*, 642 F.2d 53, 56 (3d Cir. 1981). As Judge Swan observed many years ago:

> A claim for indemnity, however, requires that an actual liability be sustained by the indemnitee, and if he settles a claim without a determination of the rights in question, he bears the risk of proving an actual liability in the action over for indemnity. In failing to establish a lack of due diligence the [indemnitee herein] failed to establish a right to indemnity based on an actual liability on its part.

*The Toledo*, 122 F.2d 255, 257 (2d Cir.1941) (citations omitted). Some courts have adopted an exception to the general rule and allow the indemnitee, who settles with the injured party, to secure indemnification upon a proof of only potential liability to the injured party. This reduced proof is conditioned on the indemnitee offering adequate measures to protect the interests of the indemnitor before any settlement is reached. *See Parfait v. Jahncke Service, Inc.*, 484 F.2d 296 (5th Cir.1973), *cert. denied*, 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974).

■ This court has yet to rule on the issue of whether an indemnitee may, in some instances, show only potential liability to recover.[1] However, we need not decide the issue today because, even if we were inclined to adopt the potential liability exception, it would not be applicable to the facts of this case. As noted by the Fifth Circuit in *Parfait*, in order to fall within

---

1. As recognized by Chief Judge Seitz in *Frederick*, certain equitable considerations are involved:

    The decision whether to require actual liability in all situations or to recognize a potential liability exception is an important one. On the one hand, if actual liability is always required, settlements will be discouraged because of the difficult burden placed upon the indemnitee to establish its right to indemnification. On the other hand, the rule adopted must not be unfair to the indemnitor, who should be able to show that the indemnitee was not under a legal compulsion to pay the settled claim.

642 F.2d at 56 (Seitz, C.J., dissenting).

the scope of the exception the indemnitee must "offer the indemnitor before any settlement is concluded the choice of (1) approving the settlement or (2) taking over the defense of the case and agreeing to hold the indemnitee harmless...." 484 F.2d at 305. Here M & O Marine did neither, nor did it do anything else which afforded Marquette substantially the same protection. *See also Burke v. Ripp*, 619 F.2d 354, 360 (5th Cir.1980); *Tankrederiet Gefion A/S v. Hyman-Michaels Co.*, 406 F.2d 1039 (6th Cir.1969). Further, even presuming that the exception were both adopted and applied, the result arrived at below would not change because M & O Marine has not shown that the jury erred in reducing the indemnification request from $77,505.61 to $46,503.40.

■ As to the calculation and award of prejudgment interest in admiralty, such is a matter left to the sound discretion of the district court. *In re: Bankers Trust Co.*, 658 F.2d 103 (3d Cir.1981), *cert. denied*, 456 U.S. 961, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1982). M & O Marine suggests that we direct the district court to recalculate the prejudgment interest award in this case following the formula in 28 U.S.C. § 1961. We resist this suggestion. Preliminarily we note that § 1961 applies to postjudgment and not prejudgment interest. *See Illinois Central R.R. v. Texas Eastern Transmission Corp.*, 551 F.2d 943 (5th Cir.1977). Further, we see no abuse of discretion in the district court's reliance on a state court rule based on delay damages in the setting of prejudgment interest in an admiralty case.

■ Finally, because principles of apportionment of damages based on comparative negligence apply in admiralty, *see United States v. Reliable Transfer Co., Inc.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975), even if the injured employee were negligent and this negligence were attributed to M & O Marine, this would be no bar to recovery under indemnification.

For the reasons stated above, we will affirm the judgment of the district court in all respects.