**HESS OIL VIRGIN ISLANDS CORP., and ROYAL INSURANCE INT., LTD., Plaintiffs**

**v.**

**FIREMEN'S FUND INSURANCE COMPANY and COMMUNICATIONS SYSTEMS & MAINTENANCE CORPORATION, Defendants**

Civil No. 1985/139

**COMMUNICATIONS SYSTEMS & MAINTENANCE CORPORATION and FIREMEN'S FUND INSURANCE COMPANY, Plaintiffs**

**v.**

**HESS OIL VIRGIN ISLANDS CORP., Defendant**

Civil No. 1985/114

District Court of the Virgin Islands

Div. of St. Croix

January 2, 1986

Britain H. Bryant, Esq., St. Croix, V.I., *for Hess Oil Virgin Islands Corp.* and *Royal Insurance Int., Ltd.*

Wilfredo Geigel, Esq., St. Croix, V.I., *for Firemen's Fund Insurance Company* and *Communications Systems & Maintenance Corporation*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

This case demonstrates the risks an insurance company undertakes when it withdraws from the defense of an insured on the eve of trial, leaving that insured to its own devices. We uphold in this case the insured's own actions taken in protection of its interests after the abandonment by the insurance carrier. Partial summary judgment will be granted to Hess Oil Virgin Islands Corp. and Royal Insurance Int., Ltd., as its subrogee. Remaining questions of reasonableness of the settlement and whether punitive damages should be awarded are left for future determination.

# I. FACTS

On or about July 14, 1982, Hess Oil Virgin Islands Corp. ("HOVIC") and Communications Systems & Maintenance Corporation ("CS&M") entered into a written agreement. CS&M was to furnish labor and services to HOVIC at HOVIC's plant on St. Croix. One of the conditions contained in the contract was a broad promise by CS&M to indemnify HOVIC:

> . . . from and against any and all demands, liability, losses, damages and/or expenses which HOVIC . . . may suffer . . . or may be liable by reason of injury (including death) to any person or damage to any property arising out of or in any manner connected with the operations to be performed under this purchase order, whether or not due in whole or any part to any act, omission or negligence of HOVIC . . . or any of its representatives or employees or by any other person . . . .

CS&M also agreed to furnish a certificate of insurance adding HOVIC as a named insured to its policy, including the indemnity agreement as part of the coverage. This was accomplished and the insurance certificate was issued by Firemen's Fund Insurance Company ("Firemen's Fund"). There is no dispute that in November 1983 the indemnity agreement and the insurance coverage was in force when Gregory Lucien, a CS&M employee working at HOVIC under the contract, was injured.

Lucien and his wife filed an action against HOVIC in December 1983, claiming that Gregory Lucien ("Lucien") inhaled a toxic substance resulting in permanent injuries. Upon receipt of the summons and complaint, the attorneys for HOVIC promptly tendered the defense to CS&M under the indemnity agreement. This was done in writing. Both CS&M and Firemen's Fund accepted the tender of defense, and HOVIC's attorneys, who had already commenced their investigation, were retained to continue the defense of the case.

Trial of the action was scheduled for March 27, 1985, and a jury had already been selected when the parties and attorneys gathered in the courtroom. Shortly before the jury was brought into the courtroom to be sworn, the attorneys retained by CS&M and Firemen's Fund to defend HOVIC were handed a letter from another attorney retained by Firemen's Fund. The gist of the letter was that Firemen's Fund was withdrawing any defense of HOVIC

and rejected the payment of any judgment which might be awarded Mr. and Mrs. Lucien against HOVIC.

Firemen's Fund stated that the indemnity agreement was not part of the policy and that it was void in any event as contrary to the public interest. Counsel for Firemen's Fund also advised the attorneys it had retained to defend HOVIC, now cast adrift, that they should raise the defense of HOVIC's immunity from suit by a CS&M employee on grounds HOVIC was a statutory employer.

Faced with that situation, counsel obtained a recess until that afternoon, in order to consult with HOVIC and develop a strategy. The result was twofold; first, HOVIC retained the same attorneys to continue the defense, and second, it authorized them to enter into a settlement with the Luciens. A settlement was reached in the sum of $500,000 and a demand was made on both CS&M and Firemen's Fund that they undertake to pay the settlement. No response was received, and HOVIC, through its own carrier, Royal Insurance Int., Ltd., made the payment. The personal injury action was then dismissed.

In May 1985, CS&M and Firemen's Fund filed a declaratory judgment action seeking determination of its rights and obligations. A scant one month later, HOVIC and Royal Insurance Int., Ltd., filed a bad faith claim against CS&M and Firemen's Fund, seeking recovery of the $500,000 settlement together with punitive damages. Firemen's Fund paid HOVIC's counsel, retained by them, the costs of the defense up to the time the letter withdrawing the defense was submitted to HOVIC.

The two cases were consolidated, and shortly thereafter, HOVIC and Royal Insurance Int., Ltd., moved for summary judgment on the issue of failure to defend and the right of indemnification. CS&M and Firemen's Fund filed a response in opposition to the motions which consisted of essentially the same legal argument raised in the letter, i.e., that the agreement was void as against public policy, and that HOVIC was immune from suit by Lucien on the theory that it was Lucien's statutory employer. The question of reasonableness of the $500,000 settlement was also put in issue.

There are no material facts in dispute. Therefore, the matter is ripe for partial summary judgment.

## II. DISCUSSION

A. *The Public Policy Argument*

■ The first contention of CS&M and Firemen's Fund is that the agreement itself providing indemnity was void as against public policy. No cases in support of that argument have been provided which are persuasive in this circuit. To the contrary, the Third Circuit, and the courts in this district, have repeatedly upheld similar agreements. There is no public policy which prevents judicial enforcement of an agreement to shift liability for the consequences of one's own negligence. Eastern Airlines, Inc. v. INA, 758 F.2d 132 (3d Cir. 1985). See also United States v. Seckinger, 397 U.S. 203, 211 (1970). There is no longer any question that such agreements are enforceable.

B. *Failure To Raise a Defense*

■ Firemen's Fund also argues that HOVIC should have raised the defense that it was a statutory employer. This is a curious argument to be made by Firemen's Fund, since it had retained counsel for HOVIC, it was defending under an indemnity agreement and insurance coverage, and it controlled the litigation strategy. If, indeed, it considered that the defense should be raised, it needed only to so instruct counsel during the course of the litigation. The contentions of Firemen's Fund are made as if it had no power to direct the course of events during the litigation.

■ The withdrawal of the defense even if Firemen's Fund thought there might be no liability because of the statutory employer defense was wrong. It was a breach of the insurance agreement which covered the indemnity agreement. It was held in C. H. Heist Caribe Corp. v. American Home Assurance Company, 640 F.2d 479, 481 (3d Cir. 1981), that the duty to defend and the duty to indemnify are separate. The duty to defend comes into play when a claim is made against an insured which may potentially be covered by the policy. Thus Firemen's Fund had the obligation to defend HOVIC until that determination was made.

There are only three options available to an insurance company when a tender of defense under a policy is made. It can file a declaratory judgment action before or during the pending personal injury action regarding its obligation. It can defend the insured under a reservation of rights. Or, it can refuse to either defend or seek a declaratory judgment action at its own peril that it might

later be found to have breached the duty to defend. Maneikis v. St. Paul Insurance Co. of Illinois, 655 F.2d 818, 821 (7th Cir. 1981). Since Firemen's Fund did not seek declaratory relief until after the personal injury action was settled and over, when it withdrew the defense of HOVIC, it effectively selected the third option and decided to take its chances. The mode and method by which Firemen's Fund, and by implication, CS&M, withdrew the defense of HOVIC is not before us at this time. Rather, we only need decide whether HOVIC was entitled to be defended in the Lucien action, and if so, whether it was entitled to be indemnified if found liable.

■ There is no question that HOVIC was entitled to a defense, both by CS&M and by Firemen's Fund. The claim by Lucien clearly fell within the ambit of the indemnity agreement which was insured by Firemen's Fund. Under the rule of C. H. Heist Caribe Corp. v. American Home Assurance Company, supra, if the complaint by Lucien spelled out a claim which potentially was covered, HOVIC was entitled to be defended.

*C. HOVIC's Potential Liability*

Firemen's Fund raises the statutory employer defense in another context. It claims that because HOVIC was clearly the statutory employer of Lucien, a CS&M employee, it was immune from suit by him, and thus there is no coverage under the indemnity agreement and the insurance. Therefore, it argues, it had no duty to defend HOVIC since HOVIC was not even potentially liable to Lucien.

■ The issue of whether HOVIC is a statutory employer as to employees of contractors working at its plant has never been decided in the Virgin Islands. 24 V.I.C. § 251(d) provides that contractors are liable for reimbursement to the Government Insurance Fund for benefits given to employees of uninsured subcontractors when those employees are actually doing work for the benefit of the contractor. But whether HOVIC as "owner" of the premises is also a "contractor" for purposes of the statute is unclear. And as long as the issue is unsettled in this jurisdiction, HOVIC remained potentially liable to Lucien. We note too, as we did before, that while Firemen's Fund controlled the litigation, having retained counsel to defend HOVIC, it was free to raise that issue and bring it to a head during the course of case development. It did not. Certainly this issue was not sufficient to warrant a

144

withdrawal of the defense. Rather, it was the kind of question susceptible to a defense under a reservation of rights.

As we said in Dominic v. Hess Oil Virgin Islands Corp., Civ. No. 1984/202, September 17, 1985, St. Croix Supp. ----, the Third Circuit has yet to rule whether an indemnitee, such as HOVIC, need only show potential liability to recover from an indemnitor such as CS&M, and by extension, Firemen's Fund. M & O Marine, Inc. v. Marquette Co., 730 F.2d 133, 135 (3d Cir. 1984). Other circuits have allowed the indemnitee who settles with the injured party to secure indemnification upon proof of its potential liability. Parfait v. Jahncke Service, Inc., 484 F.2d 296 (5th Cir. 1973), cert. denied, 415 U.S. 957 (1974). The indemnitee (HOVIC) need only offer CS&M and Firemen's Fund the choice of either approving the settlement or resuming the defense of the action. M & O Marine v. Marquette Co., supra, at 136. HOVIC did this in the interim between the morning withdrawal of defense and the afternoon session of court. It received no response.

■ We believe that under these circumstances, the Third Circuit would permit proof of only potential liability to trigger the right to indemnification. See also the dissent by Judge Seitz in Frederick v. HOVIC, 642 F.2d 53, 56 (3d Cir. 1981).

### III. CONCLUSION

■ HOVIC, having been abandoned by CS&M and Firemen's Fund, was free to conduct the litigation itself in protection of its own interests, and to enter into a settlement with the Luciens which was reasonable, in view of its potential liability to them. Partial summary judgment will enter in favor of HOVIC and Royal Insurance Int., Ltd., declaring that it is entitled to indemnification from CS&M and Firemen's Fund, leaving the amount of the indemnification to be determined on the basis of the reasonableness of the settlement with the Luciens.

CS&M and Firemen's Fund, in their third amended complaint, raised questions concerning other personal injury actions now pending. Since HOVIC and Royal Insurance Int., Ltd., did not make any motions directed toward those matters, we will enter no judgments thereon. However, several of them appear to have the same fact pattern as Lucien, i.e., the same indemnity agreement and the same insurance coverage. In one of them we have already

145

directed CS&M to take over the defense under the indemnity agreement. (Anatole v. HOVIC, et al., Civ. No. 1984/253.)

## PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on motion of Hess Oil Virgin Islands Corp. and Royal Insurance Int., Ltd., for partial summary judgment. The issue is whether Communications Systems & Maintenance Corporation and Firemen's Fund Insurance Company breached their agreements to indemnify and to insure Hess Oil Virgin Islands Corp. Issues of the extent of damages, both compensatory and punitive, are still to be determined. The Court having filed its Memorandum Opinion of even date herewith, now therefore it is

ORDERED and ADJUDGED:

THAT judgment enter in favor of Hess Oil Virgin Islands Corp. and Royal Insurance Int., Ltd., and against Firemen's Fund Insurance Company and Communications Systems & Maintenance Corporation on the issue of liability for breach of the respective contracts for indemnification and insurance, with the issue of damages still to be determined.