**ROBERT J. BAINVILLE, Plaintiff**

v.

**HESS OIL VIRGIN ISLANDS CORPORATION,
Defendant/Third-Party Plaintiff**

v.

**STANDBY POWER SUPPLIES, INC., Third-Party Defendant**

Civil No. 1984/17

District Court of the Virgin Islands
Div. of St. Croix
December 22, 1986

BRIAN L. MASONY, ESQ., St. Croix, V.I., *for plaintiff*

NANCY V. YOUNG, ESQ. (LAW OFFICES OF BRITAIN H. BRYANT), St. Croix, V.I., *for defendant/third-party plaintiff*

DIANE TRACE WARLICK, ESQ. (LAW OFFICES OF R. ERIC MOORE), St. Croix, V.I., *for third-party defendant*

O'BRIEN, *Judge*

## MEMORANDUM AND ORDER

This motion for summary judgment, and cross-motion for summary judgment, requires us once again to answer the question whether an indemnitee seeking indemnification after settling with a plaintiff, need only show potential liability in order to recover from the indemnitor. Because we reaffirm our holding in Hess Oil V.I. Corp. v. Firemen's Fund Ins. Co., 626 F. Supp. 882 (D.V.I. 1986), we will enforce the indemnitee's right to indemnification.[1]

## I. FACTS

Mr. Robert Bainville ("Bainville") was hired by Standby Power Supplies, Inc. ("Standby"), and was assigned to work at Hess Oil Virgin Islands Corporation's ("HOVIC") refinery pursuant to a Standby/HOVIC agreement ("agreement"), whereby Standby agreed to furnish certain types of labor and services to HOVIC at HOVIC's refinery. The agreement also contained the following indemnity provision in which Standby agreed:

---

[1] The Supreme Court noted in Celotex Corporation v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986) that: [U]nder Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at 2552.

to indemnify, exonerate and hold harmless [HOVIC] against loss, damage, liability or expense by reason of any suits, claims, demands, judgments or causes of action for personal injury . . . arising out of, or in any way in consequence of the performance hereunder by [Standby], except that in no instance shall [Standby] be held responsible for any liability, claim, demand or cause of action attributable solely to the negligence of the [HOVIC].

In 1984, Bainville filed suit against HOVIC for injuries incurred while working at HOVIC's refinery during 1982. HOVIC immediately tendered the defense to Standby and Standby refused. Thereafter, HOVIC filed this third-party indemnity action against Standby, and moved for summary judgment.

Summary judgment was stayed after the third-party matter was severed from the main action. The matter then proceeded to trial.

During the trial, HOVIC and Bainville maintained settlement negotiations. At the point where Bainville's demand was $200,000, HOVIC's counsel informed Standby's counsel of the demand. Standby's counsel rejected the demand, and informed HOVIC's counsel that it would pay no more than $25,000. See, defendant exhibit B, affidavit of Britain Bryant. Thereafter, HOVIC and Bainville reached settlement at $175,000 while the jury deliberated. Though HOVIC was committed to pay Bainville that amount it was agreed that the jury would be allowed to return its verdict in order to determine whether HOVIC was solely negligent for Bainville's injuries.[2]

---

[2] A letter from HOVIC's counsel to Bainville's counsel evidences this intent:

"Pursuant to my conversation with you today, at approximately 2:00 p.m., if you permit the jury to make a finding on liability in this case, with the Court's approval, unless there is a hung jury on any issue in the case, we will pay you $175,000 as a gross total settlement.

This agreement is made pursuant to our agreement that Standby is not to be informed of the effect of this unless the Court deems that necessary or proper, because obviously we need an adjudication of the percentage of fault to determine whether or not Hess was solely negligent in this matter. The matter will not be deemed settled or concluded until after the jury returns its verdict of liability, which is a condition precedent to any settlement at this figure." See, HOVIC's exhibit A.

The jury returned its verdict finding that Bainville was 50 percent negligent, HOVIC was 50 percent negligent, and that Bainville was the borrowed servant of HOVIC. Standby now argues that the jury's findings relieved HOVIC from liability,[3] and that as a result, any payment to Bainville was merely gratuitous, and not a . . . loss, damage, liability or expense . . . for which Standby agreed to indemnify HOVIC.[4] We disagree.

## II. DISCUSSION

We noted in Dominic v. Hess Oil Virgin Islands Corp., 624 F. Supp. 117 (D.V.I. 1985), and in Firemen's Fund, supra, that "the Third Circuit has yet to rule whether an indemnitee, such as HOVIC need only show potential liability to recover from an indemnitor." 626 F. Supp. at 885 (citing, M&O Marine, Inc. v. Marquette Company, 730 F.2d 133, 135 (3d. Cir. 1984). Here we squarely face that issue again, and we reaffirm our earlier holdings.

### 1) *Potential Liability*

The Third Circuit has written that in indemnification actions:

> . . . the general rule is that in order to secure indemnification, an indemnitee must prove that it was actually liable to the injured party, even if, in the original liability suit, it settled with the injured party rather than proceed to judgment.

M&O Marine, supra at 135 (citing, Frederick v. Hess Oil V.I. Corp., 642 F.2d 53, 56 (3d Cir. 1981)).

Some courts have adopted a potential liability exception to that rule. See, Firemen's Fund, supra at 886 (citing, Parfait v. Jahncke Services Inc., 484 F.2d 296 (5th Cir. 1973), cert. denied, 415 U.S. 957 (1974)). That rule allows "the indemnitee, who settled with the injured party, to secure indemnification upon proof of only potential liability." Dominic, supra at 121 (citations omitted). In fact, in M&O Marine, supra, although the Third Circuit declined to reach the

---

[3] A finding that plaintiff is 51 percent or more at fault for his own injuries normally precludes recovery. See, 5 V.I.C. § 1451(a).

[4] Standby also asserts that the jury's finding that Bainville was the borrowed servant of HOVIC imputes Bainville's negligence to HOVIC under principles of respondeat superior so that Bainville's injuries were attributable solely to the negligence of HOVIC. In addition, Standby argues that it was justified in refusing HOVIC's tender of defense. Our holding here forecloses the necessity of reaching these arguments.

question, it commented that if it were to adopt the exception, for the exception to be applicable, the indemnitee must:

> . . . offer the indemnitee, before any settlement is concluded, the choice of (1) approving the settlement or (2) taking over the defense of the case and agreeing to hold the indemnitee harmless . . . .

Id. at 136 (quoting, Parfait, supra, at 305).

It also recognized Chief Judge Seitz' dissent in Frederick v. Hess Oil V.I. Corporation, 642 F.2d 53 (3d Cir. 1981), in which he recognized certain equitable considerations involved in the issue:

> The decision whether to require actual liability in all situations or to recognize a potential liability exception is an important one. On the one hand, if actual liability is always required, settlement will be discouraged because of the difficult burden placed upon the indemnitee to establish its right to indemnification. On the other hand, the rule adopted must not be unfair to the indemnitor, who should be able to show that the indemnitee was not under a legal compulsion to pay the settled claim.

730 F.2d at 135 n.1 (quoting, 642 F.2d at 56 (Seitz, C.J., dissenting)).

We adhere to our belief noted in Firemen's Fund, supra, that the Third Circuit would adopt the potential liability exception in a case such as at bar. We emphasize Chief Judge Seitz' concern about the encouragement of settlements, and we note that the present action is an excellent example of that concern.

2) *Settlement Demand*

■ In its agreement with HOVIC, Standby had agreed to . . . hold harmless [HOVIC] against loss . . . . It is clear, therefore, that when HOVIC, faced with the potential liability of Bainville's claim, offered Standby the opportunity to accept Bainville's $200,000 demand, Standby had only three choices in the context of this case. It could: 1) accept the offer; 2) take over the defense and hold HOVIC harmless,[5] M&O Marine, supra at 136; or 3) reject the offer

---

[5] It is clear that Standby had no duty to defend HOVIC when HOVIC first tendered Bainville's defense since "[a] duty to defend is a matter of contract . . . ." Cooper Laboratories, Inc. v. Int'l Surplus Lines Ins. Company, 802 F.2d 667, 678 (3d Cir. 1986). Here the agreement does not explicitly create this duty. See, supra at 2.

and breach its agreement. By rejecting the offer, Standby failed to uphold its bargain to hold HOVIC harmless.[6] Consequently, Standby may not be heard to complain at the outcome, for "[w]hat occurred thereafter, occurred at its peril."[7] Dominic, supra at 120.

No import can be given to Standby's argument that the jury verdict forecloses application of the potential liability exception. The Court presided at the trial of the main action. The settlement was effective prior to the jury verdict. Counsel's letter cited by Standby merely indicated that the settlement was not official until the jury returned its verdict. However, the settlement was binding upon Bainville and HOVIC upon agreement. If we accepted Standby's argument, cases such as this would never be settled because a jury or judge would have to determine if actual liability existed.

Clearly, HOVIC was potentially liable prior to the time it concluded negotiations with Bainville. Therefore, Standby cannot be heard to say that post-settlement events affect its prior duties, especially when it was afforded the opportunity to accept the demand and/or hold HOVIC harmless. To allow such an argument would negate the purpose for adopting the potential liability exception. This we shall not do.

## III. CONCLUSION

For the foregoing reasons, we hold as a matter of law that Standby breached its duty to hold HOVIC harmless from its potential liability when it rejected Bainville's demand and failed to take over the defense. Summary judgment will issue.

## SUMMARY JUDGMENT

THIS MATTER came before the Court on motion of Hess Oil Virgin Islands Corporation ("HOVIC") for summary judgment and on cross-motion for summary judgment by Standby Power Supplies, Inc. ("Standby"). The Court having entered its memoran-

---

[6] A fourth alternative of bringing a declaratory judgment action was inappropriate given the posture of this case at that time.

[7] Standby also cannot be heard to complain that they were not offered the opportunity to accept Bainville's $175,000 demand, given Standby's prior announcement that no settlement over $25,000 would be acceptable. Moreover, it cannot be heard to complain that HOVIC negotiated Bainville's demand to a lesser amount.

dum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the cross-motion of Standby Power Supplies, Inc., for summary judgment is hereby DENIED; and it is

ORDERED and ADJUDGED:

THAT the motion by Hess Oil Virgin Islands Corp. for summary judgment is hereby GRANTED, and judgment is hereby entered in favor of Hess Oil Virgin Islands Corp. and against Standby Power Supplies, Inc. in the amount of $175,000 on the third-party complaint.