**ERIE INSURANCE EXCHANGE,**
**Plaintiff,**

v.

**VIRGIN ISLANDS ENTERPRISES,**
**INC. d/b/a/ Avis Car Rental,**
**Defendant**

**No. CIV.2001–215.**

District Court,
Virgin Islands,
D. St. Thomas and St. John.

May 19, 2003.

James L. Hymes, III, St. Thomas, VI, for the plaintiff.

Douglas L. Capdeville, St. Croix, VI, for the defendant.

## MEMORANDUM

MOORE, District Judge.

Defendant Virgin Islands Enterprises, Inc. d/b/a/ Avis Car Rental ["defendant" or "Avis"] moves for summary judgment, which plaintiff Erie Insurance Exchange ["plaintiff" or "Erie"] opposes. As I find that Avis is not liable for the pre-tender legal expenses incurred by Erie, I will grant defendant's motion.

## I. FACTUAL BACKGROUND

On April 30, 1996, CZOP Construction Inc. ["CZOP"] leased a vehicle from Avis for the use of its employee Richard Batts ["Batts"]. At the execution of the car rental lease agreement, CZOP expressly declined to accept insurance for personal accidents, personal effects or additional liability. Despite CZOP's refusal, however, Avis maintained a minimum of $10,000.00 of liability insurance for personal injuries per one person as required by 20 V.I.C. § 418 and as noted in paragraph 18 of its standard rental agreement. Avis maintained this policy through Continental Casualty Company ["Continental"].

On or about May 4, 1996, Batts was involved in an automobile accident with the leased vehicle whereby a pedestrian, Gabriel Edmonds, was struck and killed. As a result of this accident, Rosalie Edmonds, as administratix of the Estate of Gabriel Edmonds, sued Batts, CZOP and Avis for wrongful death in this Court. CZOP tendered the case to Erie, which retained the same law firm to defend CZOP and Batts that represents Erie here. Avis defended

itself. On August 11, 2000, the parties to the wrongful death action reached a settlement, which was later approved by this Court. According to Avis, one year after this settlement, Erie sought reimbursement from Avis for defense costs.[1] Avis declined to honor the request on the ground that neither Erie, CZOP nor Batts had ever asked Avis to defend them during the litigation or settlement of the wrongful death suit.[2] Upon Avis's refusal, this present suit ensued. This Court has diversity jurisdiction pursuant to section 22(a) of the Revised Organic Act of 1954[3] and 28 U.S.C. § 1332.

## II. DISCUSSION

### A. Summary Judgment Standard

■ Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue respecting any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the nonmovant. See Saldana v. Kmart Corp., 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (1999), aff'd in part and rev'd in part, 260 F.3d 228 (3d Cir. 2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant. See id. Matters involving the construction or interpretation of unambiguous contracts are questions of law and are appropriate for summary judgment. See Amerada Hess Corp. v. Zurich Ins. Co., 51 F.Supp.2d 642, 646 (D.Vi.1999); Spink v. General Accident Ins. Co., 36 F.Supp.2d 689, 692 (D.Vi.1999); Reed, Wible & Brown, Inc. v. Mahogany Run Dev. Corp., 550 F.Supp. 1095, 1099 (D.Vi.1982); see also DiMeglio v. Haines, 45 F.3d 790, 794 (4th Cir.1995) (noting that inquiries involving pure questions of law are "always capable of decision at the summary judgment stage") (citations omitted).

### B. Defendant Not Liable for Pre–Tender Costs

■ Ordinarily, "[a]n insurer's obligations under an insurance contract are ... triggered when the insured or [someone acting on behalf of the insured] tenders the defense of an action potentially within the policy coverage." Aetna Casualty & Sur. Co. v. Chicago Ins. Co., 994 F.2d 1254, 1259 (7th Cir.1993) (citation omitted). The purpose behind giving an insured notice of tender is to provide the insured with time to investigate the claim and the opportunity to determine how to proceed, i.e., settlement or litigation. Once this obligation is triggered, the insurer can (1) seek a declaratory judgment that it owes no duty to defend the insured, (2) defend the insured under a reservation

---

1. Erie had allegedly incurred over $50,000.00 in legal costs.

2. Paragraph 18 of the Avis rental agreement stated that "coverage will be provided to [the renter] according to the terms, and subject to all conditions, of a standard automobile liability insurance policy, including all requirements as to notice and cooperation on [the renter's] part, which are hereby made part of this agreement."

3. 48 U.S.C. § 1612(a). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), reprinted in V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

of rights, or (3) refuse to either defend or seek a declaratory judgment action at its own peril that it might later be found to have breached the duty to defend. *See Hess Oil V.I. Corp. v. Firemen's Fund Ins. Co.*, 626 F.Supp. 882, 885 (D.V.I.1986) (citing *Maneikis v. St. Paul Ins. Co. of Ill.*, 655 F.2d 818, 821 (7th Cir.1981)). Typical litigation regarding insurance coverage involves situations where a defense has been tendered and the insurer decides not to defend the insured. *See Aetna*, 994 F.2d at 1259. Such is not the case here. The crux of this matter is whether plaintiff properly and timely tendered its defense to Avis. As I find that Erie failed to timely and properly tender a defense to Avis, Erie did not give Avis an opportunity to control the case and the costs and thereby prejudiced Avis's interests. *See generally Trustees of Univ. Of Penn. v. Lexington Ins. Co.*, 815 F.2d 890 (3d Cir.1987); *Hyde Athletic Indus., Inc. v. Continental Cas. Co.*, 969 F.Supp. 289, 300–301 (E.D.Pa. 1997); *Clemente v. Home Ins. Co.*, 791 F.Supp. 118, 121 (E.D.Pa.), *aff'd*, 981 F.2d 1246 (3d Cir.1992); *Metal Bank of Am., Inc. v. Insurance Co. Of N. Am.*, 360 Pa.Super. 350, 520 A.2d 493 (1987), *appeal denied*, 517 Pa. 607, 536 A.2d 1332 (1987).

Section IV(A)(2)(a) of Avis's insurance policy with Continental requires the insured to give "prompt notice" in the event of any legal action. Similarly, section IV(A)(2)(b)(1) warns the insured to "[a]ssume no obligation, make no payment or incur no expense without [the insurer's] consent, except at the 'insured's' own cost." As established above, plaintiff incurred over $50,000 in legal costs before, according to defendant, it formally tendered a defense to Avis a year after the matter had been settled. Thus, this Court must determine whether any events transpired before the "formal" tender that would have put Avis on notice of its obligation to defend the plaintiff.

▋ Plaintiff advances two grounds as proof that Avis was on notice of its duty to defend. First, plaintiff's counsel offers his own affidavit claiming that a tender of defense was made on various occasions to Avis. Other than this conclusory statement, however, Erie offers no tangible proof that such a tender was in fact made.[4] As one would expect such an important issue to be documented, I am reluctant to find that Avis had notice of the tender on the affidavit alone. Second, Erie contends that Avis was on notice to defend it because Avis had knowledge of the wrongful death suit as a named defendant. There is little doubt that Avis knew of the lawsuit. There is also little doubt that Avis knew a tender of defense was made by CZOP and Batts to Erie, which in turn retained counsel to defend those interests. There is, however, no evidence that Avis's participation was desired by plaintiff until the settlement was reached. "Mere knowledge of a potentially covered claim by an insurer is not enough to constitute a tender. The insurer must know that its participation is desired by the insured." *Aetna*, 994 F.2d at 1261 (citing *Hartford Accident. & Indem. Co. v. Gulf Ins. Co.*, 776 F.2d 1380, 1383 (7th Cir.1985)) ("An insurance company is not required to intermeddle officiously where its services have not been requested."); *Hartford*, 776 F.2d at 1383 ("[M]ere knowledge that an insured is sued does not constitute tender of a claim. What is required is knowledge that the suit is potentially within the policy's coverage coupled with knowledge that the insurer's assistance is desired."). As

---

**4.** Erie argued that the stipulation of dismissal with prejudice, signed on November 13, 2000, that provided "co-defendants reserving their rights to pursue recovery of same as between them" was evidence that tender was made to Avis. I find this argument unpersuasive.

Erie is a knowledgeable and sophisticated insurance company, it was reasonable for Avis to conclude that CZOP and Batts wanted Erie to defend them rather than Avis. Therefore, Avis "had the right to wait for a tender before taking action." *Aetna,* 994 F.2d at 1262 (affirming trial court's judgment that primary insurer was not liable for the settlement as its participation was never requested until the settlement had been reached).

Plaintiff's pre-tender costs associated with the wrongful death suit amount to voluntary contributions per section IV(A)(2)(b)(1) of Avis's insurance policy for which Avis owes no duty to indemnify. Therefore, I hold that Avis is not liable for those pre-tender legal costs incurred by Erie. *See Elan Pharm. Research Corp. v. Employers Ins.,* 144 F.3d 1372, 1382 (11th Cir.1998) (concluding that obligation to defend insured "does not include expenses incurred before that notification"); *Legacy Ptnrs., Inc. v. Travelers Ins. Co.,* Civ. No. 00–3413, 2002 WL 500771, **2–5, 2002 U.S. Dist. LEXIS 5620, at *6–11 (N.D.Cal. Mar. 29, 2002) (holding that insurer not liable for pre-tender costs); *Managed Health Care Sys. v. St. Paul Fire & Marine Ins. Co.,* Civ. No. 98–10831, 2001 U.S. Dist. LEXIS 18302, at *6 (D.Mass. Sept. 28, 2001) (finding that insurer not liable for pre-notice defense costs under Massachusetts law); *Wm. C. Vick Constr. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.,* 52 F.Supp.2d 569 (E.D.N.C.1999) (holding that insurer not liable for pre-notification legal expenses in "the absence of contractual language requiring the insurer to pay for pre-notification legal expenses"); *Comsat Corp. v. St. Paul Mercury Ins. Co.,* Civ. No. 97–2236, 1998 U.S. Dist. LEXIS 2916, at *15–16 (D.Minn. Mar. 6, 1998) (noting the "general rule that an insurer has no duty to pay pre-tender defense costs"); *American Mut. Liab. Ins. Co. v. Beatrice Cos.,* 924 F.Supp. 861; *see generally American Mut. Liab. Ins. Co. v. Beatrice Cos.,* 924 F.Supp. 861 (N.D.Ill.1996).

An appropriate order follows.

## ORDER

For the reasons set forth in the foregoing Memorandum of even date, it is hereby

**ORDERED** that defendant's motion for summary judgment (Docket No. 25) is **GRANTED.**